**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth Richard INNELLA,**
**Defendant-Appellant.**

No. 82–8218
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 1, 1982.

John J. Pribish, North Brunswick, N. J., for defendant-appellant.

Craig Gillen, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

GODBOLD, Chief Judge:

Appellant was convicted of conspiracy to possess with intent to distribute cocaine and for attempting to possess with intent to distribute cocaine.

Defendant's counsel was granted two continuances on medical grounds. On the date of the trial, February 17, 1982, defendant sought a continuance to secure new counsel. The court consented provided that the trial not be delayed, but the putative new counsel, from New Jersey, notified the court that he could not attend a trial until March 1. The court then denied a continuance. In these circumstances the court did not abuse its discretion.

Appellant contends that his trial counsel was ineffective. This issue cannot be decided in this appeal because many of the factual allegations set out in appellant's brief concerning trial counsel involve matters that are not of record. These serious charges, not supported by any evidence in this record, are inappropriately made. Trial

counsel has had no means or opportunity to respond to them, and no determination has been made of whether the charges have even a glimmer of merit. If appellant wishes to raise an ineffective counsel issue 28 U.S.C. § 2255 is available to him.

With respect to the attempt count, the defense of impossibility, asserted in reliance on *U. S. v. Oviedo,* 525 F.2d 881 (5th Cir. 1976) is of no help to appellant. *Oviedo* focused on the objective acts of the defendant.

> [W]e demand that in order for a defendant to be guilty of a criminal attempt, the objective acts performed, without any reliance on the accompanying mens rea, mark the defendant's conduct as criminal in nature. The acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law.

*Id.* at 885. The court in *Oviedo* distinguished *U. S. v. Mandujano,* 499 F.2d 370 (5th Cir. 1974). In *Mandujano* the defendant negotiated a sale of heroin with an undercover agent. After taking the agent's money the defendant was unable to locate his source. He then returned the money to the agent. The defendant was convicted of attempted distribution and the Fifth Circuit affirmed. In distinguishing *Mandujano* the *Oviedo* court stressed that Mandujano's acts were unequivocal: he accepted the money and stated that he would purchase heroin with that money. In contrast, Oviedo's objective acts were inconsistent: he stated he would sell heroin but then sold an uncontrolled substance. In sum, to be convicted of attempt the defendant's objective actions, taken as a whole, must strongly corroborate the required culpability.

In the present case Innella's objective acts were unequivocal. His words and actions were consistent with an attempt to purchase a controlled substance. Innella argues that the actions or intentions of the undercover agent were inconsistent with a criminal enterprise, and, therefore, the objective basis required to convict him of attempt was not present. *Oviedo* focuses on the objective acts of the accused. The act

which Innella claims makes his conduct equivocal was an act of a government agent and thus not a relevant reflection of his underlying intent. *See U. S. v. Korn,* 557 F.2d 1089 (5th Cir. 1977).

AFFIRMED.