UNITED STATES of America,

v.

Lewis Dean POWELL, Defendant.

No. CR 97–B–244–S.

United States District Court,
N.D. Alabama,
Southern Division.

Jan. 12, 1998.

William N. Clark, Stephen W. Shaw, Redden Mills & Clark, Birmingham, AL, for Defendant.

James E. Phillips, Assistant United States Attorney, Northern District of Alabama, G. Douglas Jones, United States Attorney, Northern District of Alabama, Birmingham, AL, for U.S.

## MEMORANDUM OPINION

BLACKBURN, District Judge.

The case is before the court on the Motion to Dismiss Superseding Indictment filed on October 17, 1997 by defendant Lewis Dean Powell ("Powell"). Upon consideration of the record, the relevant law, the submissions of the parties, and the Report and Recommendation of the magistrate judge, the court is of the opinion that Powell's Motion is due to be denied.

## I. BACKGROUND

On July 31, 1997, defendant Powell was indicted on two counts of violating 18 U.S.C. § 2422(b),[1] Powell moved to dismiss the Indictment on August 25, 1997. The magistrate judge issued a Report and Recommendation on October 6, 1997, recommending that the court deny Powell's Motion to Dismiss. Before the court could rule on the Motion, the Grand Jury entered a Superseding Indictment on October 8, 1997.

Counts One and Two of the Superseding Indictment charge Powell with the same violations as the two counts contained in the original Indictment. Count One charges that from on or about June 28, 1997 to on or about July 10, 1997, Powell "used a facility and means of interstate commerce, that is, a computer and modem accessing America Online, to attempt to knowingly persuade, induce, and entice a person under 18 years of age, known to the defendant as 'SassyN14,' to engage in a sexual act for which any person may be criminally prosecuted . . . ." Count Two charges that from on or about May 10, 1997 to on or about July 10, 1997, Powell "used a facility and means of interstate commerce, that is, a computer and modem accessing America Online, to attempt to knowingly persuade, induce, and entice a person under 18 years of age, known to the defendant as 'PINALA,' to engage in a sexual act for which any person may be criminally prosecuted . . . ."

Counts Three through Seven of the Superseding Indictment charge Powell with violating 18 U.S.C. § 2423(a).[2] Each of these counts charges that Powell "did knowingly transport an individual under the age of eighteen years in interstate commerce from Jefferson County, Alabama to the State of Florida with intent that such individual engage in sexual activity in violation of Florida Statutes Section 800.04 . . . ."[3]

1. Section 2422(b) provides, in relevant part, as follows:

 Whoever, using any facility or means of interstate or foreign commerce, including the mail . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years to engage in prostitution or any sexual act for which any person may be criminally prosecuted, or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both.

 18 U.S.C. § 2422(b).

2. Section 2423(a) provides, in relevant part, as follows:

 A person who knowingly transports any individual under the age of 18 years in interstate or foreign commerce . . . with intent that such individual engage in prostitution, or any sexual activity for which any person can be charged with a criminal offense . . . .

 18 U.S.C. § 2423(a). Although Counts Three, Four, Five, and Seven cite § 2423 while Count

Six cites § 2423(a), the plain language of all five counts makes it clear that Powell is charged with violating § 2423(a).

3. Florida Statutes § 800.04 provides as follows:

 A person who:

 (1) Handles, fondles, or assaults any child under the age of 16 years in a lewd, lascivious, or indecent manner;

 (2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;

 (3) Commits an act defined as sexual battery under § 794.011(1)(h) upon any child under the age of 16 years; or

 (4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,

Powell filed a Motion to Dismiss Superseding Indictment on October 17, 1997. His Motion set forth several arguments favoring dismissal. However, the Memorandum of Fact and Law accompanying Powell's Motion only supports his impossibility defense to Counts One and Two. Nevertheless, the court has considered each of Powell's arguments and concludes that Powell's Motion is due to be denied.

## II. IMPOSSIBILITY

Powell moves the court to dismiss Counts One and Two of the Superseding Indictment on the grounds that these two counts do not state a violation of law. Def.'s Mot. ¶ 1. Powell argues that the Superseding Indictment does not state a violation of 18 U.S.C. § 2422(b) because it only alleges that Powell attempted to contact the government's special agents who were well over the age of eighteen years. The court finds that Powell's arguments are not supported by current federal law.

 Powell essentially states an impossibility defense. In the Eleventh Circuit, however, traditional factual impossibility/legal impossibility analysis [4] has been discarded in favor of an inquiry which focuses on the "objective acts" of the defendant. *See United States v. Oviedo*, 525 F.2d 881, 885 (5th Cir.1976); *accord United States v. Innella*, 690 F.2d 834, 835 (11th Cir.1982). In *Oviedo*, the court reversed a conviction for attempted distribution of heroin where the substance in question turned out to be an uncontrolled substance, not heroin. *See Oviedo*, 525 F.2d at 882. In reaching its conclusion, the court did not determine whether the alleged crime was factually or legally impossible but highlighted the difficulty of applying definitions of impossibility:

These definitions are not particularly helpful here, for they do nothing more than provide a different focus for the analysis. In one sense, the impossibility involved here might be deemed legal, for those acts which Oviedo [the defendant] set in motion, the transfer of the substance in his possession, were not a crime. In another sense, the impossibility is factual, for the objective of Oviedo, the sale of heroin, was proscribed by law, and failed only because of a circumstance unknown to Oviedo.

*Id.* at 883. Instead, the court held as follows:

[W]e demand that in order for a defendant to be guilty of a criminal attempt, the objective acts performed, without any reliance on the accompanying mens rea, mark the defendant's conduct as criminal in nature. The acts should be unique rather than so commonplace that they are engaged in by persons not in violation of the law.

*Id.* at 885. Thus, a jury's determination of criminal intent cannot form the sole basis of a criminal offense; moreover, the defendant's objective acts "must strongly corroborate the firmness of the defendant's criminal intent" and "must not be equivocal in nature." *Id.* at 886 (distinguishing *United States v. Mandujano*, 499 F.2d 370 (5th Cir.1974)). Because the court found that Oviedo's conduct did not unequivocally support a finding of criminal intent, the court reversed the conviction. *See Oviedo*, 525 F.2d at 885–86.

When the principles enunciated in *Oviedo* are applied to the present case, the fact that "PINALA" and "SassyN14" are actually special agents well over the age of eighteen years loses its legal relevancy at this stage of

without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section. A mother's breastfeeding of her baby does not under any circumstance violate this section. FLA. STAT. § 800.04.

4. The former Fifth Circuit adhered to the following definitions:

Legal impossibility occurs when the actions which the defendant performs or sets in motion, even if fully carried out as he desires, would not constitute a crime.... Factual impossibility occurs when the objective of the defendant is proscribed by the criminal law but a circumstance unknown to the actor prevents him from bringing about that objective. *United States v. Oviedo*, 525 F.2d 881, 883 (5th Cir.1976) (internal citation omitted).

the proceedings.[5] The allegations contained in Counts One and Two do not necessarily lead to a situation where the jury's determination of Powell's intent would form the sole basis of a criminal offense. *See id.* at 886. Per *Oviedo* and *Innella*, the government must prove its case by showing that Powell's "objective acts," irrespective of the true identities of PINALA and SassyN14, sufficiently corroborate the firmness of Powell's alleged criminal intent.[6] Therefore, the court concludes that the mere fact that PINALA and SassyN14 are not persons under the age of eighteen does not warrant dismissal of Counts One and Two of the Superseding Indictment.

## III. FREEDOM OF SPEECH

Powell makes a conclusory argument that Counts One and Two of the Superseding Indictment and 18 U.S.C. § 2422(b) violate his First Amendment right to free speech. Def.'s Mot. ¶ 2. The court finds it difficult to ascertain how the First Amendment is violated by a law that prohibits an individual from attempting to knowingly persuade, induce, and entice a person under eighteen years of age to engage in an illegal sexual act. The First Amendment guarantees the right to freedom of expression; however, the Supreme Court has stated, "[i]t rarely has been suggested that the constitutional freedom for speech and press extends its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute. We reject the contention now." *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 498, 69 S.Ct. 684, 93 L.Ed. 834 (1949) (holding that labor unions could be restrained from picketing a business where picketing was carried on as an "essential and inseparable part" of a course of conduct outlawed by the state).

 Powell has provided no rationale as to why § 2422(b) should be invalidated and the court finds that no such rationale exists. Section 2422(b) criminalizes the use of interstate commerce for the purpose of persuading, inducing, and enticing a person under eighteen years of age to engage in a sexual act which is already illegal. In several other cases, the Supreme Court has refused to extend First Amendment protections for speech or writing that serves as an "integral" part of illicit behavior. For example, the Supreme Court upheld a Kentucky law which prohibited a political candidate from giving or promising to give anything of value to voters in exchange for votes or support. *See Brown v. Hartlage*, 456 U.S. 45, 102 S.Ct. 1523, 71 L.Ed.2d 732 (1982). In rejecting the First Amendment challenge to the statute, the Court noted that "[a]lthough agreements to engage in illegal conduct undoubtedly possess some element of association, the State may ban such illegal agreements without trenching on any right of association protected by the First Amendment." *Id.* at 55, 102 S.Ct. 1523. *See also New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (rejecting First Amendment challenge and upholding statute which outlawed the promotion of a sexual performance by a child under the age of sixteen). Because the expressive aspects of Powell's alleged actions form an integral part of criminal conduct that is validly proscribed by § 2422(b), the court concludes that neither § 2422(b) nor the Superseding Indictment intrude upon Powell's First Amendment rights.

---

**5.** As in *Oviedo*, the present case could give rise to either legal impossibility or factual impossibility. The impossibility may be "legal" because the acts allegedly set in motion by Powell were intended to culminate in sexual activity with either PINALA or SassyN14. Such conduct would not be illicit because both PINALA and SassyN14 were actually special agents over the age of eighteen. Alternatively, the impossibility may be "factual" because the alleged objective of Powell, sexual activity with persons under the age of eighteen, was proscribed by law and failed only because of circumstances unknown to Powell (i.e., the fact that PINALA and SassyN14 were actually over the age of eighteen).

**6.** Powell would have a strong basis for appealing a conviction if the government only presents evidence of his criminal intent but no evidence of objective conduct which strongly and unequivocally corroborates the firmness of his criminal intent. *See Oviedo*, 525 F.2d at 886; *accord Innella*, 690 F.2d at 835 (holding that "to be convicted of attempt the defendant's objective actions, taken as a whole, must strongly corroborate the required culpability").

## IV. SUFFICIENCY OF THE SUPERSEDING INDICTMENT

Powell challenges the sufficiency of the Superseding Indictment on the following grounds: 1) all counts "fail to inform Defendant of sufficient details of the specific offense with which he is charged," Def.'s Mot. ¶ 3; 2) all counts "fail to identify by name the person or persons who are the alleged victims," *id.;* and 3) all counts "fail to protect Defendant from double jeopardy," *id.* at ¶ 4. Powell states these arguments in a conclusory manner and fails to cite any supporting facts or law. A review of the Superseding Indictment and the relevant law reveals that Powell's arguments cannot be supported by either facts or law and must, therefore, be rejected.

Under the Federal Rules of Criminal Procedure, an indictment must "be a plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c). The Supreme Court has set forth the following requirements:

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *accord United States v. Elkins,* 885 F.2d 775, 782 (11th Cir.1989) ("An indictment must set forth the elements of the offense in a manner which fairly informs the defendant of the charges against him and enables him to enter a plea which will bar future prosecution for the same offense."). The Court added the following guidelines for indictments that "track" the language of a statute:

It is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as "those words of themselves fully, directly, and expressly without any uncertainty or ambiguity set forth all the elements necessary to constitute the offence intended to be punished." [*United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135 (1881).] "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description with which he charged." [*United States v. Hess,* 124 U.S. 483, 487, 8 S.Ct. 571, 31 L.Ed. 516 (1888).]

*Hamling,* 418 U.S. at 117–18, 94 S.Ct. 2887.

In the present case, the court finds that each count adequately informs Powell of the specific offense with which he is charged and either a conviction or an acquittal will bar future prosecution for the same offenses. By tracking the language of 18 U.S.C. § 2422(b),[7] Counts One and Two state the essential elements of the violations alleged under this statute. In addition, Counts One and Two provide additional, alleged facts which make clear the violations alleged. Each count specifies the dates of Powell's alleged criminal activity, the facility and means of interstate commerce allegedly used, and the screen names of the persons Powell allegedly contacted.

Similarly, for Counts Three through Seven, the Superseding Indictment states the essential elements of the alleged 18 U.S.C. § 2423(a) violations by tracking the statutory language.[8] Counts Three through Seven also specify the state law violations necessary to trigger § 2423 as well as the alleged origination and destination points of interstate travel. While Counts Three through Seven only

---

7. *See, supra,* note 1 for relevant portion of 18 U.S.C. § 2422(b). Per *Hamling,* the language contained in § 2422(b) sets forth all the elements of the offense "fully, directly, and expressly, without any uncertainty or ambiguity." *See Hamling,* 418 U.S. at 117, 94 S.Ct. 2887. Therefore, an indictment that tracks the language of § 2422(b) provides a defendant with adequate notice.

8. *See, supra,* note 2 for relevant portion of 18 U.S.C. § 2423(a). As with § 2422(b), indictments that track the language of § 2423(a) provide defendants with adequate notice of the offenses with which they are charged because the statutory language of § 2423 sets forth all the essential elements of an offense.

state the year and the month or season of each alleged offense, specific dates are unnecessary and the court finds that each count states the alleged timing of the offense with sufficient clarity. *See United States v. Ellender*, 947 F.2d 748, 755–56 (5th Cir.1991) (holding precise dates unnecessary and approving use of a two-month period of time in indictment).

 Finally, as stated above, an indictment only needs to "set forth the elements of the offense in a manner which fairly informs the defendant of the charges against him and enables him to enter a plea which will bar future prosecution for the same offense." *Elkins*, 885 F.2d at 782. There is no requirement that the name of alleged victims must be disclosed in an indictment. As to Counts Three through Seven, the name of the alleged victim was communicated to defense counsel but withheld from the Superseding Indictment pursuant to the 18 U.S.C. § 3509 which protects the privacy of victims of child abuse. Gov't's Resp. ¶ 2. Given the facts alleged in Counts Three through Seven, the Superseding Indictment provides sufficient notice for Powell to prepare his defense and to plead his conviction or acquittal as a bar to future prosecution for the same offenses.

## V. RIGHT TO PRIVACY

As a final argument, Powell asserts that the charges in the Superseding Indictment unconstitutionally violate his constitutional right to privacy. Def.'s Mot. ¶ 5. Again, Powell cites neither fact nor law in support of his argument. The court finds it incredible for Powell to argue that the present case infringes upon any privacy right.

 The Eleventh Circuit has held that the constitutional right to privacy does not bar the prosecution of an individual who receives child·pornography through the mail. *See United States v. Miller*, 776 F.2d 978, 980–81 (11th Cir.1985). If the right to privacy does not protect an individual who receives *visual depictions* of minors engaging in sexually explicit conduct, then it would be absurd if the right to privacy protects individuals who engage in the conduct proscribed by 18 U.S.C. §§ 2422(b) and 2423. There-

fore, the court concludes that the Superseding Indictment does not violate Powell's right to privacy.

## VI. CONCLUSION

For the reasons stated in this Memorandum Opinion, the court concludes that defendant Powell's Motion to Dismiss Superseding Indictment is due to be denied. An Order in accordance with this Opinion will be entered contemporaneously herewith.

### *ORDER*

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby **ORDERED** that the Motion to Dismiss Superseding Indictment filed by defendant Lewis Dean Powell on October 17, 1997 is hereby **DENIED.**