OPINION OF THE COURT
 

 Wesley, J.
 

 The main issue in this appeal focuses on the constitu
 
 *674
 
 tionality of Penal Law § 235.22, enacted to address the convergence of predatory pedophile activity with Internet technology. Defendant contends that Penal Law § 235.22 is overbroad and vague, that it is a content-based restriction that cannot survive strict scrutiny under the First Amendment, and that it violates the Commerce Clause. We disagree. The statute has a significant and distinct feature: it criminalizes the use of sexually explicit communications designed to lure children into harmful conduct. We thus hold that the statute withstands defendant’s challenges.
 

 In October 1996, a State Trooper assigned to the Computer Crime Unit logged onto the Internet and entered a chat room entitled “KidsofFamilySex.” The Trooper used the screen name “Aimee_” and began a discussion with defendant, Thomas R. Foley, Sr., who was using the screen name “JustMee.” JustMee inquired whether Aimee_wanted to “chat sex?” Aimee_ answered “OK,” identifying herself as a 15-year-old girl who had sex with her father. JustMee identified himself as a 51-year-old male. The conversation lasted approximately two hours and was almost exclusively about sex. JustMee asked Aimee_how she enjoyed having sex with her father, described how he would have sex with her and encouraged her to masturbate during their conversation. Aimee_mentioned that she lived in Utica and JustMee informed her that he lived near Buffalo. During the conversation, JustMee sent several pictures to Aimee_of “preteen girls and men” engaging in sexual acts.
 

 During November 1996, JustMee had three other private online chats with Aimee__In each conversation Aimee_ indicated that she was 15 years old. The conversations centered around sex; JustMee would encourage Aimee_to masturbate and to describe having sex with her father. He said that he wanted to have sex with her, described how he would do so, and sent her pictures of minors engaging in sexual acts with other minors and with adults. In their third conversation, JustMee expressed his interest in meeting Aimee_but cautioned that they would have to be careful. Aimee_answered that she had cousins in Buffalo and that she could possibly arrange a visit. During their fourth conversation, JustMee again discussed their meeting, stating that they would have to be discreet and make the arrangements ahead of time. The discussion turned to the possibility of meeting over Thanksgiving weekend.
 

 The police obtained the identity of JustMee when they served a subpoena on the Internet service provider. As JustMee and
 
 *675
 
 Aimee_, in their fifth on-line conversation, discussed where they could meet in Buffalo, the police executed a no-knock search warrant at defendant’s residence and found him typing at his computer. Defendant admitted that he had used the screen name JustMee and had several chats with Aimee — , whom he believed to be 15 years old.
 

 Defendant was indicted on three counts of promoting an obscene sexual performance by a child (Penal Law § 263.10), three counts of promoting a sexual performance by a child (Penal Law § 263.15), three counts of obscenity in the third degree (Penal Law § 235.05 [1]) and two counts of attempted disseminating indecent material to minors in the first degree (Penal Law §§ 110.00, 235.22 [1], [2]). Prior to trial, defendant moved to dismiss the indictment on several grounds, among them that the statute defining each count of the indictment was unconstitutional. County Court denied the motion.
 

 During trial, defendant introduced the testimony of a computer expert who explained that with current technology, computer images could be easily manipulated. Of the many graphics sent by defendant to Aimee_, however, the expert could only point to one that appeared as if it had been altered. The jury was permitted to examine the pictures and was instructed as follows:
 

 “Section 263.25 of the Penal Law of the State of New York reads: Whenever it becomes necessary, for the purposes of the article, to determine whether a child who participated in a sexual performance was under the age of 16 years, the Court or jury may make such determination by any of the following: Personal inspection of the child, inspection of a photograph or motion picture which constituted the sexual performance, oral testimony by a witness to the sexual performance as to the age of the child based upon the child’s appearance, expert medical testimony based upon the appearance of the child in the sexual performance, and any other method authorized by any applicable provision of law or by the rules of evidence at common law.”
 

 The jury found defendant guilty of two counts of promoting a sexual performance by a child and two counts of attempted disseminating indecent material to minors in the first degree.
 

 The Appellate Division unanimously affirmed the conviction, holding that Penal Law § 235.22 is constitutional. The Court
 
 *676
 
 noted that Penal Law § 235.22 is a precise means of accomplishing the Legislature’s objective to protect children from sexual abuse by prohibiting the dissemination of graphic images to a minor depicting nudity, sexual conduct or sadomasochistic abuse that is “harmful to minors,” and the use of that material to lure the minor to engage in sexual activity. The Court determined that Penal Law § 235.22 is neither impermissibly vague nor overbroad. The Court further determined that the statute met First Amendment standards as a carefully drawn means of serving a compelling State interest. Finally, the Court concluded that the statute did not violate the Commerce Clause and rejected defendant’s contention that Penal Law § 263.15 is unconstitutionally overbroad. We affirm.
 

 I.
 

 Penal Law § 235.22 provides:
 

 “A person is guilty of disseminating indecent material to minors in the first degree when:
 

 “1. Knowing the character and content of the communication which, in whole or in part, depicts actual or simulated nudity, sexual conduct or sadomasochistic abuse, and which is harmful to minors,
 
 he intentionally uses any computer communication system
 
 allowing the input, output, examination or transfer, of computer data or computer programs from one computer to another,
 
 to initiate or engage in such communication with a person who is a minor-, and
 

 “2. By means of such communication he
 
 importunes, invites or induces
 
 a minor to engage in sexual intercourse, deviate sexual intercourse, or sexual contact with him, or to engage in a sexual performance, obscene sexual performance, or sexual conduct
 
 for his benefit
 
 [emphasis added].”
 

 Our analysis in this appeal focuses on two requirements that must be established before an individual can be subjected to criminal liability under the statute. First, an individual must intentionally use a computer system to initiate or engage in the transmission of actual or simulated depictions of sexual activity for the purpose of communicating with a minor, knowing the character and content of such communication (Penal Law § 235.22 [1]). The communication must be “harmful to
 
 *677
 
 minors” as defined by Penal Law § 235.20 (6).
 
 [1]
 
 Second, the statute requires that an individual must “[b]y means of such communication” importune, invite or induce the minor to engage in sexual activity for his or her benefit (Penal Law § 235.22 [2]). The statute was enacted to address the growing concern that pedophiles are using the Internet as a forum to lure children (see, Governor’s Mem approving L 1996, ch 600, 1996 McKinney’s Session Laws of NY, at 1900-1901).
 

 As a preamble to our analysis, we note that an enactment of the Legislature, a coequal branch of government, is presumed to be valid, and that one seeking to invalidate a statute bears the heavy burden of showing that it is unconstitutional
 
 (People v Bright,
 
 71 NY2d 376, 382;
 
 People v Davis,
 
 43 NY2d 17, 30).
 

 II.
 

 The Overbreadth Doctrine
 

 Defendant contends that, on its face, Penal Law § 235.22 is overbroad because it exposes individuals to criminal liability who unintentionally address a minor through sexually oriented communication. We reject defendant’s challenge.
 

 As a general rule, a court will not hear a challenge to a statute from a person to whom the statute may be constitutionally applied on the ground that its application to others, not before the court, may possibly impair their constitutional rights
 
 (New York v Ferber,
 
 458 US 747, 767;
 
 Broadrick v Oklahoma,
 
 413 US 601, 610;
 
 see also, People v Hollman,
 
 68 NY2d 202, 208). An exception has been carved out in the area of the First Amendment.
 

 It has been recognized that “statutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly drawn and represent a considered legislative judgment that a particular mode of expression has to give way to other compelling needs of society”
 
 (Broadrick v Oklahoma, supra,
 
 413 US 601, 611-612). Thus, a statute that attempts to proscribe constitutionally protected speech will not be enforced
 
 *678
 
 unless a limiting construction effectively removes the apparent threat to constitutionally protected expression
 
 (id.,
 
 at 613).
 

 A statute is subjected to less scrutiny where the behavior sought to be prohibited by the State moves from “pure speech” toward conduct “and that conduct — even if expressive — falls within the scope of otherwise valid criminal laws that reflect legitimate state interests”
 
 (id.,
 
 at 615). Even though the statute, “if too broadly worded, may deter protected speech to some unknown extent, there comes a point where that effect — at best a prediction — cannot, with confidence, justify invalidating a statute on its face and so prohibiting a State from enforcing the statute against conduct that is admittedly within its power to proscribe”
 
 (id.; see also, People v Hollman,
 
 68 NY2d 202, 209,
 
 supra).
 
 Thus, where conduct and not merely speech is involved, the overbreadth doctrine can be invoked only where the overbreadth is “substantial”
 
 (New York v Ferber, supra,
 
 458 US 747, 769;
 
 Broadrick v Oklahoma, supra,
 
 413 US 601, 615). The First Amendment overbreadth doctrine is “ ‘strong medicine;’ ” it has been invoked by the courts with hesitation and “ ‘only as a last resort’ ”
 
 (New York v Ferber, supra,
 
 at 769, quoting
 
 Broadrick v Oklahoma,
 
 413 US 601, 613,
 
 supra; see also, People v Hollman, supra,
 
 68 NY2d 202, 208).
 

 In
 
 Reno v American Civ. Liberties Union
 
 (521 US 844), the Supreme Court of the United States struck down the Communications Decency Act (47 USC § 223) as unconstitutionally overbroad. The Act prohibited the knowing transmission of “obscene or indecent” comments to any person under the age of 18 (47 USC § 223 [a] [1] [B]) and using the Internet to send or display any comment or image that “in context, depicts or describes, in terms patently offensive as measured by contemporary community standards, sexual or excretory activities or organs” to any person under the age of 18 (47 USC § 223 [d] [1] [B]). The Court noted that the breadth of the Act was unprecedented in that its scope was not limited to commercial speech or commercial entities; the statute’s prohibitions embraced all entities and individuals posting indecent messages or displaying them on their own computers in the presence of minors
 
 (Reno v American Civ. Liberties Union, supra,
 
 521 US, at 877).
 
 [2]
 

 
 *679
 
 Penal Law § 235.22 is readily distinguishable from the Communications Decency Act addressed in
 
 Reno.
 
 Unlike the Federal statute, Penal Law § 235.22 is not directed at the mere transmission of certain types of communication over the Internet. The second part of the statute — the “luring prong” — is significant. An invitation or enticement is distinguishable from pure speech. The terms “importune,” “invite” or “induce” can be likened to terms such as “procure” or “solicit” used to define the advancement of prostitution (Penal Law § 230.15) or the terms “request” or “command” used to describe criminal liability for the conduct of another (Penal Law § 20.00). They describe
 
 acts
 
 of communication; they do not describe the content of one’s views. The terms identify forms of conduct which may provide a predicate for criminal liability. Penal Law § 235.22 is a preemptive strike against sexual abuse of children by creating criminal liability for conduct directed toward the ultimate acts of abuse.
 

 Defendant contends that constitutionally protected speech among adults on the Internet may be affected by the statute because the statute does not require an individual “know” that he or she is communicating with a minor. For example, a “chat room” participant who sends a sexually explicit graphic image file with an accompanying message inviting other “chat room” participants to get together for lawful sexual activities runs the risk that a minor may have access to the “chat room” and receive the transmission. Such a participant, according to defendant, could thus be exposed to criminal liability.
 

 Penal Law § 235.22 (1) provides that a person is guilty of disseminating indecent material to a minor if, knowing the content of the communication, he “intentionally” uses any communication system to initiate or engage in such communication with a person who is a minor. The placement of the word “intentionally” in Penal Law § 235.22 (1) should be read to modify everything that follows. Where a statute contains only one reference to a particular mental state (such as “intentionally”), there is a presumption that the mental state applies to “every element of the offense unless an intent to limit its application clearly appears” (Penal Law § 15.15 [1]). Thus, contrary to defendant’s assertion, the statute should be
 
 *680
 
 read, as requiring that an individual intend to initiate this kind of communication with a minor and thereby further intend to “importune, invite or induce” the minor to engage in sexual conduct for the sender’s benefit.
 

 Defendant suggests that the legislative history of Penal Law § 235.22 indicates that the statute was not to be so circumscribed. We conclude that the statute provides for the mental state of “intent” to limit the proscribed conduct. As one of the sponsors of the legislation stated, “[t]he purpose of this bill is [to] deter individuals who would use computer networks to lure children into sexual relations by intentionally transmitting indecent materials to children through the-computer networks. The bill would not hold liable a computer network or other individual who did not intentionally transmit the materials to minors” (Letter from Senator Sears to Governor, July 11, 1996, Bill Jacket, L 1996, ch 600).
 

 Finally, we reject defendant’s assertion that the term “harmful to minors” found in Penal Law § 235.22 (1) is over-broad because it allows New York to impose its community standards nationwide. The term “harmful to minors” is specifically defined according to the guidelines enunciated by the Supreme Court in
 
 Miller v California
 
 (413 US 15, 24) and is further limited to actual or simulated “nudity,” “sexual conduct” or “sado-masochistic abuse” (see, Penal Law § 235.22 [1]; § 235.20 [2], [3], [5]). It is difficult to envision a situation where this conduct would not be considered harmful to minors outside New York when the statute seeks specifically to prohibit the intentional dissemination of this type of material to a minor
 
 in conjunction with
 
 the sender’s enticement or invitation to the child to engage in sexual activity.
 

 In short, the legitimate reach of Penal Law § 235.22 outweighs its “arguably impermissible applications”
 
 (New York v Ferber, supra,
 
 458 US 747, 773). Thus, we conclude that the statute is not substantially overbroad.
 

 Vagueness
 

 Defendant also challenges Penal Law § 235.22 as unconstitutionally vague, arguing that the luring prong of Penal Law § 235.22 (2) defines the prohibited conduct in unacceptably ambiguous terms. According to defendant, the phrase “importunes, invites or induces” and the phrase “sexual conduct for his benefit” not only fail to provide adequate notice of what is prohibited but also permit the arbitrary and discriminatory application of the law by both law enforcement
 
 *681
 
 authorities and fact finders called upon to interpret the speech at issue. We disagree.
 

 A statute is unconstitutionally vague if it fails to provide a person of ordinary intelligence with a reasonable opportunity to know what is prohibited, and it is written in a manner that permits or encourages arbitrary or discriminatory enforcement
 
 (Grayned v City of Rockford,
 
 408 US 104, 108;
 
 see also, People v Shack,
 
 86 NY2d 529, 538-539;
 
 People v Bright, supra,
 
 71 NY2d, at 382). A vague law impermissibly delegates basic policy matters to law enforcement officials, Judges and juries for resolution on an ad hoc, subjective basis “with the attendant dangers of arbitrary and discriminatory application”
 
 (Grayned v City of Rockford, supra,
 
 408 US, at 109). However, imprecise language does not render a statute fatally vague so long as that language “ ‘conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices’ ”
 
 (People v Shack, supra,
 
 86 NY2d 529, 538, citing
 
 United States v Petrillo,
 
 332 US 1, 8).
 

 In
 
 Reno,
 
 the major defect of the Communications Decency Act was its vagueness. Absent any definitions for the terms “indecent” and “patently offensive,” the Act lacked the precision that the First Amendment requires when a statute regulates the content of speech (521 US, at 874). The Supreme Court noted that the open-ended nature of the proscribed material added to the threat that the statute would censor speech that, in fact, would fall outside its scope
 
 (id.).
 

 Unlike the terms “indecent” or “patently offensive” held to be vague in the Communications Decency Act, each and every term of Penal Law § 235.22 is either defined in the Penal Law or has a plain and ordinary meaning
 
 (see,
 
 Penal Law § 235.20). The term “benefit” as used in “for his benefit” is defined as “any gain or advantage to the beneficiary and includes any gain or advantage to a third person pursuant to the desire or consent of the beneficiary” (Penal Law § 10.00 [17]). While “importune,” “invite” and “induce” are not defined terms, a person of ordinary intelligence would reasonably know that the statute is meant to prevent the intentional luring of minors to engage in sexual conduct through the dissemination of harmful, sexual images.
 

 Moreover, we find no possibility of arbitrary or discriminatory enforcement of the statute. The combination of the precise terms described in the statute and the clearly pronounced elements “adequately defines the criminal conduct for the police
 
 *682
 
 officers, Judges and juries who will enforce the statute”
 
 (People v Shack, supra,
 
 86 NY2d, at 539). Unlike the subjective terms used in the Federal Act, Penal Law § 235.22 employs objective, ascertainable standards which do not provide room for law enforcement officials to apply the statute based upon their own personal ideas of right and wrong
 
 (People v Bright, supra,
 
 71 NY2d, at 383). We therefore conclude that Penal Law § 235.22 is not unconstitutionally vague.
 

 Content-Based Restriction
 

 In addition to contesting the validity of Penal Law § 235.22 on First Amendment overbreadth and vagueness grounds, defendant asserts that the statute is an unconstitutional content-based restriction. Because Penal Law § 235.22 proscribes “sexually oriented” communications, defendant maintains that it is an impermissible regulation on speech.
 

 Content-based speech restrictions are presumptively invalid and will not survive strict scrutiny unless the government can show that the regulation promotes a compelling State interest and that it chose the least restrictive means to further the articulated interest
 
 (see, Sable Communications v Federal Communications Commn.,
 
 492 US 115, 126;
 
 Boos v Berry,
 
 485 US 312, 321;
 
 see also, People ex rel. Arcara v Cloud Books,
 
 68 NY2d 553, 559).
 

 Sexually explicit communication is affected by the statute and thus the statute
 
 is
 
 content-based
 
 (see, Reno v American Civ. Liberties Union, supra,
 
 521 US 844, 868); Penal Law § 235.22 prohibits the dissemination of a certain category of images to minors (Penal Law § 235.22 [1]). The justification for the statute is related to the impact on the minor listener and cannot be properly analyzed as a content-neutral, time, place and manner restriction
 
 (Reno v American Civ. Liberties Union, supra,
 
 at 868;
 
 compare, City of Erie v Pap’s A.M.,
 
 — US —, 120 S Ct 1382, 1391). We nevertheless hold that Penal Law § 235.22 survives First Amendment strict scrutiny, because as noted earlier, it curtails the
 
 use
 
 of speech in a way which does not merit First Amendment protection and is a carefully tailored means of serving a compelling State interest
 
 (see, New York v Ferber, supra,
 
 458 US 747, 773).
 

 The primary legislative purpose behind the statute is “to protect the children of this State from high-tech cybersex abuse and actual sexual abuse” (Governor’s Mem approving L 1996, ch 600, 1996 McKinney’s Session Laws of NY, at 1901). The State plainly has a “compelling” interest in protecting children
 
 *683
 
 from sexual exploitation in order to safeguard their “ ‘physical and psychological well-being’ ”
 
 (New York v Ferber, supra,
 
 458 US 747, 756-757, quoting
 
 Globe Newspaper Co. v Superior Ct.,
 
 457 US 596, 607). “ ‘It rarely has been suggested that the constitutional freedom for speech and press extends its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute’ ”
 
 (New York v Ferber, supra,
 
 458 US 747, 761-762, quoting
 
 Giboney v Empire Stor. & Ice Co.,
 
 336 US 490, 498;
 
 see also, Osborne v Ohio,
 
 495 US 103, 110). As a result, courts have recognized that speech used to further the sexual exploitation of children does not enjoy constitutional protection
 
 (see, New York v Ferber, supra,
 
 458 US 747,
 
 on remand to People v Ferber,
 
 57 NY2d 256, 259;
 
 United States v Kufrovich,
 
 997 F Supp 246, 254 [D Conn];
 
 United States v Powell,
 
 1 F Supp 2d 1419, 1422 [ND Ala]).
 

 The speech-conduct sought to be prohibited by Penal Law § 235.22 — the endangerment of children through the dissemination of sexually graphic material over the Internet— does not merit First Amendment protection. In any event, the statute does not effectuate a total ban on the dissemination of sexual content communication, but merely limits its use
 
 (compare, City of Erie v Pap’s A.M., supra,
 
 — US —, 120 S Ct 1382, 1392-1393;
 
 Sable Communications v Federal Communications Commn., supra,
 
 492 US 115, 129). Although the statute may incidentally burden some protected expression in carrying out its objective, Penal Law § 235.22 serves the compelling interest of preventing the sexual abuse of children and is no broader than necessary to achieve that purpose
 
 (see, People ex rel. Arcara v Cloud Books, supra,
 
 68 NY2d 553, 558).
 

 The Commerce Clause
 

 Defendant’s final assault on Penal Law § 235.22 is premised on the Commerce Clause. Relying on a recent Federal court de
 
 cision
 
 — American
 
 Libs. Assn. v Pataki
 
 (969 F Supp 160 [SD NY]) — defendant contends that Penal Law § 235.22 unduly burdens interstate trade.
 

 In
 
 American Libs.,
 
 the court struck down Penal Law § 235.21 (3) as a violation of the Commerce Clause. Penal Law § 235.21 (3) prohibits sending a sexually explicit depiction to a minor over the Internet. Because the Internet represents an instrument of interstate commerce, the court deemed Penal Law § 235.21 (3) to be “closely concerned with interstate commerce, and scrutiny of the [statute] under the Commerce Clause” was therefore “entirely appropriate”
 
 (id.,
 
 at 173). The court
 
 *684
 
 expressly distinguished Penal Law § 235.21 (3) from Penal Law § 235.22, recognizing that “plaintiffs do not challenge the sections of the statute that criminalize the sale of obscene materials to children, over the Internet or otherwise, and prohibit adults from luring children into sexual contact by communicating with them via the Internet”
 
 (id.,
 
 at 179).
 

 Penal Law § 235.22 does not discriminate against or burden interstate trade; it regulates the conduct of individuals who intend to use the Internet to endanger the welfare of children. Although Penal Law § 235.22 contains some of the same language as the provision in Penal Law § 235.21 (3) struck down in
 
 American Libs.,
 
 the statute challenged here contains the additional “luring” prong. We are hard pressed to ascertain any legitimate commerce that is derived from the intentional transmission of sexually graphic images to minors for the purpose of luring them into sexual activity. Indeed, the conduct sought to be sanctioned by Penal Law § 235.22 is of the sort that deserves no “economic” protection
 
 (see, New York v Ferber, supra,
 
 458 US 747, 761-762). Thus, we conclude that Penal Law § 235.22 is a valid exercise of the State’s general police powers
 
 (see, Lewis v BT Inv. Mgrs.,
 
 447 US 27, 36).
 

 III.
 

 Finally, we address defendant’s constitutional challenge to Penal Law § 263.15, which prohibits promoting a sexual performance by a child. Although the Supreme Court in
 
 New York v Ferber (supra,
 
 458 US 747) has held that Penal Law § 263.15 is not unconstitutionally overbroad, defendant attempts to revisit the matter. Defendant notes that today’s computer technology permits the manipulation of images such that the concerns addressed in
 
 Ferber
 
 regarding the harm caused to children as a result of the production of sexual performances are not presented here. Defendant argues that in the absence of an express instruction from the trial court that the People must prove the actual use of children in the prohibited performances, the statute is fatally overbroad.
 

 Penal Law § 263.15 prohibits the promotion of any performance which includes sexual conduct by a child younger than 16 years of age. In
 
 Ferber,
 
 the Supreme Court held that the value of permitting live performances and photographic reproductions of children engaged in lewd sexual conduct was de minimis (458 US, at 762). Since this class of material bears heavily on the welfare of children, in the balance of competing interests, “it is permissible to consider these materials as
 
 *685
 
 without the protection of the First Amendment”
 
 (id.,
 
 at 764). The Court then rejected the overbreadth challenge to Penal Law § 263.15, holding that the statute’s legitimate reach in addressing the harm of child pornography outweighs any arguably impermissible application
 
 (id.,
 
 at 773). The Court concluded that any overbreadth which may exist should be cured on a “case-by-case analysis”
 
 (id.,
 
 at 774).
 

 We are unpersuaded by defendant’s speculative and broad reading of Penal Law § 263.15. Defendant fails to demonstrate any real or substantial overbreadth to invalidate the statute.
 

 The statutory scheme allows the fact finder to make a determination on the evidence submitted whether the performance involves an individual under the age of 16 (Penal Law § 263.25). In this case, defendant was permitted to introduce expert testimony challenging whether the images transmitted by defendant to Aimee_actually depicted children or had been digitally spliced to “manufacture” the picture of a child performing a sexual act. Of the many images transmitted by defendant to Aimee_, defendant’s expert could point to only one that may have been digitally altered. Defendant did not object to the trial court’s charge on Penal Law § 263.25. The jury was thus instructed to consider, from the evidence before it, whether or not a child who participated in the performance was under the age of 16. Under these circumstances, we cannot conclude that, as applied to defendant, the statute is unconstitutionally overbroad. We reject defendant’s remaining contentions.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Rosenblatt concur.
 

 Order affirmed.
 

 [1]
 

 . Under Penal Law § 235.20 (6), “harmful to minors” is described as “that quality of any description or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sado-masochistic abuse” when it “[Considered as a whole, appeals to the prurient interest in sex of minors,” is “patently offensive” to the "prevailing standards in the adult community’ as to what is suitable material for minors and “[c]onsidered as a whole, lacks serious literary, artistic, political and scientific value for minors” (Penal Law § 235.20 [6]).
 

 [2]
 

 . One New York court has held that Penal Law § 235.22 similarly implicates the First Amendment. In
 
 People v Barrows
 
 (177 Misc 2d 712), the court turned to the second subdivision of Penal Law § 235.22 pertaining to the violator’s conduct in “importun[ing], invitting] or inducting] a minor to engage” in sexual activity for his or her benefit and determined that this
 
 *679
 
 devolved to nothing more than “speech in its purest form”
 
 (id.,
 
 at 732). Then, analogizing Penal Law § 235.22 to the Communications Decency Act, the court concluded that Penal Law § 235.22 was unconstitutionally overbroad and vague
 
 (id.,
 
 at 733-734). We disagree with that analysis
 
 (see, People v Barrows,
 
 174 Misc 2d 367).