■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANTHONY, Appellant. [709 NYS2d 836] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sampson, J.), rendered March 14, 1997, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The jury verdict convicting the defendant of assault in the first degree and acquitting him of criminal possession of a weapon in the fourth degree is not repugnant. Viewing the elements of the crime as charged to the jury (see, People v Tucker, 55 NY2d 1,7), it could have found that the defendant initially possessed the weapon without any intent to use it unlawfully (see, e.g., People v Smith, 235 AD2d 558; People v Cabrera, 221 AD2d 461). Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BARROWS, Appellant. [710 NYS2d 251] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 9, 1998, convicting him of promoting an obscene sexual performance by a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The facts of this case are fully set forth in People v Barrows (177 Misc 2d 712) and briefly restated in People v Barrows (273 AD2d 246 [decided herewith]). Contrary to the defendant's contention, Penal Law § 263.10, as applied in this case, does not violate the Commerce Clause of the United States Constitution (US Const, art I, § 8, cl [3]). The statute, which was enacted to protect children from the sexual exploitation necessarily involved in the production of pornographic material, does not unduly burden interstate commerce (see, New York v Ferber, 458 US 747).

The defendant's remaining contentions are without merit. Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.