■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BARROWS, Appellant. [710 NYS2d 251] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered June 9, 1998, convicting him of promoting an obscene sexual performance by a child, upon a jury verdict, and imposing sentence.

County (Demarest, J.), dated June 9, 1998, as granted that branch of the defendant's motion which was to set aside the jury verdict convicting him of attempted disseminating indecent material to minors in the first degree (two counts).

Ordered that the order is reversed insofar as appealed from, that branch of the defendant's motion which was to set aside the jury verdict convicting him of attempted disseminating indecent material to minors in the first degree (two counts) is denied, the jury verdict convicting the defendant of those crimes is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing.

The facts of this case are fully set forth in *People v Barrows* (177 Misc 2d 712). Briefly stated, in May 1996, a detective in the office of the Kings County District Attorney began investigating child pornography on the Internet. To aid his investigation, the detective assumed the identity of a fictitious 13-year-old girl named Victoria who lived in Brooklyn. Using the screen name "Tori 83", the detective had several sexually-explicit conversations in a private "chat room" with the defendant, a Connecticut resident who used the screen name "Captain Jake". During one of their "cyberchats", the defendant sent several photographs to "Tori 83", which showed nude adolescent girls engaged in sexual conduct. The defendant was arrested when he arrived at a Brooklyn marina for a pre-arranged meeting with "Tori 83".

After a jury trial, the defendant was convicted of one count of promoting an obscene sexual performance by a child (*see,* Penal Law § 263.10) and two counts of attempted disseminating indecent material to minors in the first degree (*see,* Penal Law § 235.22). Shortly thereafter, he moved to set aside the verdict on the grounds that those statutes violated the First Amendment and the Commerce Clause of the United States Constitution (US Const, art I, § 8, cl [3]). Although the trial court denied the defendant's motion with respect to Penal Law § 263.10, it held that Penal Law § 235.22 was unconstitutionally vague, overbroad, and, to the extent the statute barred interstate communications, it also violated the Commerce Clause (*see, People v Barrows, supra,* 177 Misc 2d 712; *see also, People v Barrows,* 273 AD2d 246 [decided herewith]).

Contrary to the determination of the trial court, Penal Law § 235.22 does not violate the Commerce Clause of the United States Constitution (US Const, art I, § 8, cl [3]). The New York Court of Appeals recently held that the statute represents a legitimate exercise of the State's police power and does not discriminate against or burden interstate trade (*see, People v*

*Foley,* 94 NY2d 668). The Court of Appeals noted that although Penal Law § 235.22 contained language similar to that found in Penal Law § 235.21 (3) which was struck down in *American Libs. Assn. v Pataki* (969 F Supp 160 [SD NY]), Penal Law § 235.22 (2) contained the significant additional language that the harmful communication be intended to lure a minor into prohibited sexual conduct. The Court stated, "[w]e are hard pressed to ascertain any legitimate commerce that is derived from the intentional transmission of sexually graphic images to minors for the purpose of luring them into sexual activity. Indeed, the conduct sought to be sanctioned by Penal Law § 235.22 is of the sort that deserves no 'economic' protection" (*People v Foley, supra,* at 684).

Penal Law § 235.22 is not unconstitutionally overbroad (*see, People v Foley, supra*). The statute is narrowly tailored to serve a compelling State interest, namely, protecting children from pedophiles (*see, People v Foley, supra*). The phrase "harmful to minors" is defined in accordance with the United States Supreme Court's test for obscenity (*see, Miller v California,* 413 US 15, 24). In addition, the "luring" element further narrows the statute because it proscribes conduct, not speech (*see,* Penal Law § 235.22 [2]). The defenses set forth in the statute significantly reduce any burden on protected speech (*see,* Penal Law § 235.23 [3]). Finally, the additional element of intent further limits the proscribed conduct; "the statute should be read as requiring that an individual intend to initiate this kind of communication with a minor and thereby further intend to 'importune, invite or induce' the minor to engage in sexual conduct for the sender's benefit" (*People v Foley, supra,* at 679-680, quoting Penal Law § 235.22 [2]).

Since Penal Law § 235.22 withstands constitutional scrutiny, the jury's verdict finding the defendant guilty of two counts of attempted disseminating indecent material to minors in the first degree must be reinstated. Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.