OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Jury selection commenced on September 6, 2000.
Defendant seeks an order prohibiting the exclusion from the pool of prospective jurors, persons who are illiterate, but otherwise qualified to serve. Defendant asks this court to direct the Commissioner of Jurors of Monroe County to take appropriate steps to inform such prospective jurors that their illiteracy *108 does not disqualify them from service. The People oppose all aspects of the defendant’s motion.
Despite the People’s arguments otherwise, New York has not required that prospective jurors be able to read and write in English since January 1, 1996. (L 1995, ch 86, § 3; accord, People v Bonton, Kings County Ct, Oct. 18, 1999, Lott, J., slip opn, at 5; People v Page, Kings County Ct, Sept. 8, 1998, Hall, J., slip opn, at 6; cf., People v Bell, Queens County Ct, Feb. 9, 1999, Cooperman, J., slip opn, at 4-5.) Judiciary Law § 510 (4) now requires only that to qualify as a juror, a person be able to “understand and communicate in the English language.” (Id.) The plain meaning of Judiciary Law § 510 (4) includes those persons who are illiterate. Communication is not limited, as the People suggest, to the written word.
However, assuming, arguendo, illiterates constitute a distinctive group, defendant has presented no evidence that illiterates have been improperly excluded from jury service, and thus has failed to show a cross-section violation. (See, Holland v Illinois, 493 US 474 [1990]; Duren v Missouri, 439 US 357 [1979] [concerning fair cross-sections].) Nor has defendant established an equal protection violation under the Fourteenth Aanendment. (See, Castaneda v Partida, 430 US 482 [1977]; People v Guzman, 60 NY2d 403, 412 [1983], cert denied 466 US 951 [1984].)
Under the mandate of Judiciary Law § 510, the Monroe County Commissioner of Jurors has taken appropriate steps to ensure that prospective jurors who are illiterate, but otherwise qualified to serve, generally are included injury pools. For the same reason, this court has set aside a day to obtain orally and on the record the information requested in the written juror questionnaire designated for this case from those prospective jurors who cannot read English.* The People’s argument that illiterates are properly excluded from service in view of both Judiciary Law § 510 (4) and their previous agreement, on the record, to question orally such prospective jurors is untenable.
Defendant’s motion entitled DEF-38 is granted to the extent defendant seeks an order prohibiting exclusion from the pool of prospective jurors persons who are illiterate, but otherwise qualified to serve. To the extent defendant seeks written verification of the Monroe County Commissioner of Jurors’ policy and practices, the motion is denied as unnecessary.
*109 In a separate motion, defendant also moves for an order permitting the qualification of non-English-speaking jurors under Judiciary Law § 510 (4), and providing interpreters during jury selection. The People oppose defendant’s motion.
Judiciary Law § 510 (4) carries a strong presumption of constitutionality under both the Federal and State Constitutions. (See, Weems v United States, 217 US 349 [1910]; People v Foley, 94 NY2d 668, 677 [2000]; People v Bright, 71 NY2d 376, 382 [1988].) Defendant has failed to overcome that presumption.
The United States Supreme Court has recognized that a jury selection system may provide for reasonable qualifications and exemptions and that a legislature has the authority to prescribe relevant qualifications for jurors. (Taylor v Louisiana, 419 US 522, 538 [1975].) Comprehending and communicating in the English language is just such a reasonable qualification. (People v Guzman, supra, at 413; see, United States v Rioux, 97 F3d 648, 659 [2d Cir 1996]; see also, United States v AponteSuarez, 905 F2d 483, 492 [1st Cir], cert denied 498 US 990 [1990] [upholding the English requirement in Puerto Rico].)
This court finds the Court of Appeals decision in People v Guzman (supra), holding that a deaf person who understood and spoke in signed English was qualified to serve as a juror, is consistent with the mandate of Judiciary Law § 510 (4). (Id.; accord, People v Page, supra, at 4.) Despite the defendant’s argument otherwise, the Guzman decision certainly did not hold that non-English-speaking persons were qualified. (See, People v Guzman, supra.)
Defendant’s motion entitled DEF-39 is denied in its entirety.

 For example, one prospective juror scheduled to appear before this court to answer the questionnaire verbally suffers from dyslexia.