873 So.2d 430 (2004)
Jeffrey L. CASHATT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4638.
District Court of Appeal of Florida, First District.
April 26, 2004.
Rehearing Denied June 1, 2004.
*433 Lawrence G. Walters, of Weston, Garrou & DeWitt, Altamonte Springs, for Appellant.
Charles A. Crist, Jr., Attorney General; Charlie McCoy, Senior Assistant Attorney General; and Robert R. Wheeler, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In October 2001, appellant conversed over the Internet, by means of a "bulletin board" posting and ensuing e-mail messages, with a vice detective who twice stated to appellant that he was a 14-year-old boy. Appellant arranged to meet the boy in Jacksonville for the purpose of participating in illegal sexual activities, and showed up at the meeting place at the time agreed upon, wearing the clothes which he had told the boy by e-mail that he would be wearing. After his numerous motions to dismiss were denied, appellant pled nolo contendere to violation of section 847.0135(3), Florida Statutes (2001), included in the "Computer Pornography and Child Exploitation Prevention Act of 1986," which provides:
Any person who knowingly utilizes a computer on-line service, Internet service, or local bulletin board service to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, relating to sexual battery; chapter 800, relating to lewdness and indecent exposure; or *434 chapter 827, relating to child abuse, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
On appeal, he challenges the facial constitutionality of this statute, and also contends that the statute is invalid for failure to state a mens rea or scienter requirement. Finally, he argues that the trial court erred in denying his motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), asserting that the state failed to demonstrate a prima facie case against him. We find that the statute is valid as against all of appellant's challenges, and that the state's evidence was sufficient to demonstrate his violation of the statute.

Constitutional Issues
Appellant contends that section 847.0135(3) violates the First Amendment of the United States Constitution because it is a content-based restriction on protected "pure speech" which cannot pass the "strict scrutiny" test, that the statute is overbroad and void for vagueness, and that it places discriminatory restrictions on interstate commerce. We have considered and rejected each of his arguments.
A facial challenge to a statute is more difficult than an "as applied" challenge, because the challenger must establish that no set of circumstances exists under which the statute would be valid. Except in a First Amendment challenge, the fact that the act might operate unconstitutionally in some hypothetical circumstance is insufficient to render it unconstitutional on its face; such a challenge must fail unless no set of circumstances exists in which the statute can be constitutionally applied. A facial challenge considers only the text of the statute, not its application to a particular set of circumstances, and the challenger must demonstrate that the statute's provisions pose a present total and fatal conflict with applicable constitutional standards. See People v. Hsu, 82 Cal.App.4th 976, 99 Cal.Rptr.2d 184, 189 (2000); People v. Foley, 94 N.Y.2d 668, 709 N.Y.S.2d 467, 731 N.E.2d 123,128, cert. denied, 531 U.S. 875, 121 S.Ct. 181, 148 L.Ed.2d 124 (2000); Hatch v. Superior Court, 80 Cal.App.4th 170, 94 Cal.Rptr.2d 453, 470 (2000).
Under the First Amendment, content-based speech restrictions will not survive strict scrutiny unless the government can show that the regulation promotes a compelling government interest and that it chooses the least restrictive means to further the articulated interest. See Sable Communications of California, Inc. v. Federal Communications Commission, 492 U.S. 115, 126, 109 S.Ct. 2829, 106 L.Ed.2d 93 (1989). Courts have applied to statutes restricting speech an "overbreadth" doctrine, rendering the statute invalid in all its applications (i.e., on its face) if it is invalid in any of them, the defect being that the means chosen to accomplish the government's objective are too imprecise, so that in all its applications it createsan unnecessary risk of chilling constitutionally protected speech. See Hsu, 99 Cal.Rptr.2d at 189; Foley, 731 N.E.2d at 128.
The state has a compelling interest in protecting the physical and psychological well-being of children, which extends to shielding minors from material that is not obscene by adult standards, but the means must be carefully tailored to achieve that end so as not to unnecessarily deny adults access to material which is indecent (constitutionally protected), but not obscene (unprotected). See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 244-45, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002); Sable Communications, 492 U.S. at 130-31, 109 S.Ct. 2829. Courts have recognized *435 that speech used to further the sexual exploitation of children does not enjoy constitutional protection, and while a statute may incidentally burden some protected expression in carrying out its objective, it will not be held to violate the First Amendment if it serves the compelling interest of preventing the sexual abuse of children and is no broader than necessary to achieve that purpose. See Foley, 731 N.E.2d at 128.
A statute is unconstitutionally vague if it fails to provide a person of ordinary intelligence with a reasonable opportunity to know what is prohibited, and is written in a manner that encourages or permits arbitrary or discriminatory enforcement. See Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). However, imprecise language does not render a statute fatally vague, so long as the language "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Foley, 731 N.E.2d at 130. And if a reasonable and practical construction can be given to the language of a statute, or its terms made reasonably certain by reference to other definable sources, it will not be held void for vagueness. See Hsu, 99 Cal. Rptr.2d at 196.
A Commerce Clause challenge to a criminal statute, when both the victim and the defendant reside within the state, is necessarily a facial challenge to the statute. See Hatch, 94 Cal.Rptr.2d at 470. Where a state statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on interstate commerce is clearly excessive in relation to the putative local benefits. See Pike v. Bruce Church, Inc., 397 U.S. 137, 142, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970). And if a legitimate local purpose is found, the extent of the burden on interstate commerce that will be tolerated will depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities. Id.
We find that even if section 847.0135(3) is considered a content-based restriction on constitutionally protected speech,[1] it passes the "strict scrutiny" test because it promotes a compelling state interest in protecting children from persons who solicit or lure them to commit illegal acts, and is narrowly tailored to promote that interest, specifically limiting its prohibitions to communication intended to solicit or lure a child to commit illegal acts. The statute at issue is distinctively narrower than the statute found unconstitutional in Reno v. American Civil Liberties Union, 521 U.S. 844, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997), upon which appellant relies. The use of the phrase, "or another person believed by the person to be a child" does not render the statute unconstitutional, but simply clarifies the "attempt" portion of the statute. When the receiver is in fact an adult, but the sender believes that the receiver is a minor, the sender can be found guilty of an attempt to seduce a minor using on-line services, in violation of the statute. In Foley, Hsu, and Laughner v. State, 769 N.E.2d 1147 (Ind.App.2002), *436 cert. denied, Laughner v. Indiana, 538 U.S. 1013, 123 S.Ct. 1929, 155 L.Ed.2d 849 (2003), each of which found similar child solicitation statutes constitutional, the defendants were charged with attempt because the pretend victims were adult undercover agents.
Appellant's claim that the statute is overbroad because it chills all sexually oriented communication is without merit. Consenting adults are free to engage in sexually oriented communication without violating the statute, and not all sexually oriented communications seduce or lure, as recognized by the Florida Senate Criminal Justice Committee when it noted: "This provision does not proscribe transmitting, by computer means, a personal predilection to have sex with children; it does proscribe soliciting a person to have sex with children." Furthermore, sexually oriented communication on a computer on-line service which is viewed by a child is not a violation of the statute unless the sender of the communication "knowingly" attempts by that communication to seduce the child.
Appellant's argument that the statute is vague is also without merit. The statutory terms are sufficiently precise to inform a person of ordinary intelligence what acts are proscribed, and the references to chapters 794, 800, and 827 serve to apprise the reader of the definition of "child" as used in section 847.0135(3). See Karwoski v. State, 867 So.2d 486 (Fla. 4th DCA 2004).
Under the test enunciated in Pike v. Bruce Church, Inc., it is clear that the challenged statute does not violate the dormant Commerce Clause of the United States Constitution. The state has a compelling interest in protecting minors from being seduced to perform sexual acts, and no legitimate commerce is burdened by penalizing the transmission of harmful sexual material to known minors in order to seduce them. The effect of section 847.0135(3) on interstate commerce is incidental at best and is far outweighed by the state's interest in preventing harm to minors. Finally, the statute does not burden Internet users with inconsistent state regulations because of the "intent to seduce" element, which makes it much narrower than the statute invalidated in American Libraries Association v. Pataki, 969 F.Supp. 160 (S.D.N.Y.1997), relied upon by appellant. See Hatch, 80 Cal.App.4th at 195-97, 94 Cal.Rptr.2d 453; Foley, 731 N.E.2d at 132-33; Hsu, 82 Cal.App.4th at 983-85, 99 Cal.Rptr.2d 184.

Mens rea
Appellant's argument that section 847.0135(3) is invalid because it fails to include a mens rea element as to the age of the victim is without merit. Criminal statutes are presumed to include broadly applicable scienter requirements in the absence of express contrary intent, including the age of the child sought to be "lured" by Internet communications, and a statute is to be construed where fairly possible so as to avoid substantial constitutional questions. See U.S. v. X-Citement Video, Inc., 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994); Giorgetti v. State, 821 So.2d 417 (Fla. 4th DCA 2002), approved, 868 So.2d 512 (Fla.2004). A person is guilty of an attempted child solicitation if the evidence demonstrates that he had a specific intent to commit the substantive offense and under the circumstances as he believed them to be took actions to consummate the substantive offense, even though circumstances unknown to him made completion of the substantive offense impossible, and the fact that the receiver of the "luring" communications was an adult undercover agent posing as a child is irrelevant to the culpability of the sender of the communications for attempting to lure a child to commit an illegal sexual act. See Hatch, *437 94 Cal.Rptr.2d at 466; Laughner, 769 N.E.2d at 1155. The defense of legal impossibility has never been adopted in Florida in any criminal attempt prosecution, and is discredited by the overwhelming weight of authority in other jurisdictions. State v. Rios, 409 So.2d 241 (Fla. 3d DCA), review denied, 419 So.2d 1199 (Fla.1982).

Rule 3.190(c)(4) motion
In considering a defendant's rule 3.190(c)(4) motion to dismiss, which is analogous to a motion for summary judgment in a civil case, the defendant must demonstrate that the undisputed facts fail to establish a prima facie case, all questions and inferences from the facts must be resolved in favor of the state, and where the sworn motion is met with a traverse by the state which specifically denies under oath material facts alleged or sets forth additional facts which create a material issue, the motion to dismiss must be denied. See State v. Kalogeropolous, 758 So.2d 110 (Fla.2000); Dorelus v. State, 747 So.2d 368 (Fla.1999); Boler v. State, 678 So.2d 319 (Fla.1996). We find that the state's traverse adequately demonstrated a material dispute of the ultimate facts, and that the Internet communications alone constituted a prima facie case of guilt under section 847.0135(3).
The conviction and sentence are AFFIRMED.
ERVIN, BARFIELD, and POLSTON, JJ., concur.
NOTES
[1] We have grave doubts that the framers of the Constitution, had they the gift of seeing into the future, would have intended that sexually explicit e-mails sent to a minor for the purpose of seducing the minor to engage in illegal sexual acts be protected under the First Amendment, notwithstanding that identical communications to an adult would be protected.