OPINION OF THE COURT
Richard A. LaPera, J.
The defendant, Jeffrey Skya, by his attorney, Anthony M. *189 Grandinette, Esq., has brought an application seeking the following omnibus relief:
1. dismissal of the indictment;
2. a bill of particulars;
3. discovery;
4. suppression of statements;
5. inspection of grand jury minutes and dismissal or reduction of indictment;
6. release of grand jury minutes and charge to defense counsel;
7. Dunaway hearing;
8. suppression of physical evidence;
9. Sandoval hearing; and
10. a reservation of rights to make further motions.
The District Attorney, by Stephen V. Treglia, Esq., has opposed this application. The defendant has filed a reply to said opposition.
The defendant was indicted on April 2, 2004 on four counts of attempted disseminating indecent material to minors in the first degree, class E felonies, and one count of disseminating indecent material to minors in the first degree, a class D felony.
1. Dismissal of the Indictment
Defendant contends that counts one through four of the indictment must be dismissed as matter of law. The basis for this argument is that Penal Law § 235.22, by use of the word “depicts,” requires that the prohibited communication with the minor involve a pictorial image and not just words. It is uncontroverted that these first four counts of the indictment are predicated upon conversation alone through instant messaging and a private chat room.
The conduct prohibited by Penal Law § 235.22 is the use of the computer to engage a minor in a sexual communication with the intent to invite or induce such minor to engage in sexual contact with the offender. The character and content of the communication must, in whole or in part, depict actual or simulated nudity, sexual conduct or sadomasochistic abuse, which is harmful to minors.
The issue presented in this case is whether a conversation alone, which describes sexual conduct, falls within the prohibition of this section of the Penal Law. The conversations herein describe various forms.of sexual conduct, including oral sex, be *190 tween the defendant and an undercover officer posing as a 14-year-old boy.
The defendant, in support of his argument that conversation alone is not enough, relies upon People v Foley (94 NY2d 668 [2000]). In Foley, the defendant was convicted of two counts of promoting a sexual performance by a child and two counts of attempted disseminating indecent material to minors in the first degree. The argument presented in that case was that those statutes were unconstitutionally overbroad and vague and in violation of the First Amendment of the United States Constitution. The communications in Foley involved actual sexual pictorial images and not just words or conversation. The Court of Appeals held that the conduct prohibited did not merit First Amendment protection, was not unconstitutionally overbroad or vague, was a valid exercise of police power and did not burden interstate commerce and, accordingly, affirmed the convictions. As Foley involved visual images, the issue presented herein was neither discussed nor determined.
The People, in their response, rely on the case of People v Gallicchio (189 Misc 2d 182 [Sup Ct, Westchester County 2001]). The court held in that case that the definition of “depict” in Penal Law § 235.22 was not “limited to a visual image, but, it includes a written communication of sexually explicit language.” (Supra at 188.) In addition, in Matter of Stark (309 AD2d 4 [1st Dept 2003]), an attorney was disbarred after having entered a plea of guilty to attempted disseminating indecent material to a minor in the first degree. It appears from a reading of that case that it involved conversations and chat rooms and no visual images.
The Oxford University Press defines “depict” as “1). Represent by a drawing, painting or other art form; 2). Portray in words.” The thesaurus gives the following synonyms for depict: describe, draw, delineate. It is therefore clear to this court that the “plain meaning” of depict includes words and is not limited to only visual images.
Further, the statute prohibits the communication which depicts actual or simulated sexual conduct. “Simulated” is defined by the Penal Law as follows: “the explicit depiction or description of any of the types of conduct [described] . . . which creates the appearance of such conduct.” (Penal Law § 235.00 [6] [emphasis supplied].)
Clearly the Legislature enacted this law to address the growing concern over pedophiles communicating with minors over *191 the computer network regarding sex and luring the minor into a sexual relationship. “The legislative use of inherently imprecise language . . . does not render a statute fatally vague [so long as] that language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and.practice.” (People v Shack, 86 NY2d 529, 538 [1995] [internal quotation marks omitted].) Penal Law § 235.22 clearly puts an offender on notice of what conduct is prohibited, i.e., sexually oriented computer communication with a minor for the purpose of inducing or inviting that child to engage in sexual conduct with the adult.
Therefore, defendant’s application seeking dismissal of counts one through four of the indictment is denied.
Defendant further seeks to dismiss count five of the indictment on the basis that it fails to allege that by sending the minor a sexually graphic image the defendant attempted to lure said minor into sexual activity. However, a reading of count five specifically reveals the allegation that the defendant sent the minor a picture of an exposed penis for the purpose of inviting or inducing the minor to engage in sexual contact or to engage in a sexual performance for the defendant’s benefit. Accordingly, defendant’s application to dismiss count five is denied.
2. and 3. Discovery and Bill of Particulars
Defendant’s request for discovery is improperly contained in this application. The procedure set forth in Criminal Procedure Law § 240.40 provides for court ordered discovery only after a prosecutor has refused to supply information or items sought pursuant to a demand previously filed by the defendant. The service of a demand is required in the first instance and then, if the People do not adequately respond, the defendant may bring a motion to compel discovery of the items to which he feels that he is entitled. Since the demand for discovery and request for a bill of particulars were served and filed as part of this motion, defendant’s application for discovery is denied.
4. Suppression of Statements
As no statements were made by the defendant that the People intend to introduce at trial, other than the statements used to commit the crimes alleged, there is nothing to suppress and no hearing is warranted.
5. and 6. Inspection of the Grand Jury Minutes and Release of Minutes to Defendant
This court has inspected the grand jury minutes in camera and finds that it is not necessary to release the minutes or any *192 portion thereof to the defendant’s attorney to assist the court in making its determination (CPL 210.30 [3]).
Upon inspection of the grand jury minutes, this court finds that the evidence before the grand jury was legally sufficient to support the crimes charged in the indictment. (CPL 210.30.)
Further, the grand jury proceeding was not defective; proper legal advice and adequate instructions were given by the District Attorney; the composition of the grand jury was sufficient; and in no way was the proceeding violative of the defendant’s constitutional rights (CPL 210.35 [5]; 190.25 [6]).
7. Dunaway Hearing
Defendant contends that there is insufficient probable cause to connect this defendant with the crimes charged. Defendant acknowledges that he has an account with AOL and one of his screen names is “XXRATED.” The screen name “XXRATED” is the name used throughout the on-line communications with the undercover officer, copies of which had been provided to defendant prior to indictment. Further, during these communications, the offender identified himself as “Jeff.” The fact that defendant resides with his two sons and his mother and that they may have had access to his computer is not relevant on the issue of probable cause. Further, the defendant e-mailed a picture of himself to the undercover officer. In addition, defendant was arrested at the parking lot across from the Bethpage library after he had made arrangements through his on-line communications to meet with the undercover officer at that location. Defendant was driving a white Ford minivan which he had described to his target in his on-line conversations. “[A]n arrest need not be supported by information and knowledge which, at the time, excludes all possibility of innocence and points to the defendant’s guilt beyond a reasonable doubt.” {People v Sanders, 79 AD2d 688, 690 [2d Dept 1980].) Based upon the foregoing undisputed facts, there has been no issue of probable cause raised upon which to predicate a hearing.
8. Suppression of Physical Evidence
Defendant contends that he was coerced by the police into signing the consent to search form since he was not advised of his right to deny the authorities access to his home and was given misleading information to induce his consent.
The People have argued that there was no duress by the investigators and that defendant’s allegations, even if true, do not rise to the level of rendering his consent involuntary.
*193 A hearing will be held on the issue of the voluntariness of defendant’s consent to search his home and will be limited to that issue. Therefore the request by the defendant for the seized items to be produced at that hearing is denied.
9. Sandoval Hearing
The People have affirmed that they do not intend to cross-examine the defendant regarding any prior arrests, convictions or underlying bad acts. However, should they provide defendant and this court with any prior uncharged criminal, vicious or immoral acts committed by the defendant which they intend to use for impeachment purposes, a Sandoval hearing will be conducted immediately prior to jury selection. The People are directed to provide notice of any such acts to the defendant and this court at least three days prior to the date scheduled for trial of this matter.
10. Reservation of Rights
Upon a showing of good cause why such issues were not addressed within this application, the court will entertain a further motion.
Accordingly, the defendant’s motion is granted in part and denied in part as indicated.