■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR SCHAFFINO, Appellant. [53 NYS3d 270]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered November 26, 2013, convicting defendant, after a jury trial, of 11 counts of attempted disseminating indecent

material to minors in the first degree, and sentencing him to concurrent terms of one to three years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Initially, we find that there was overwhelming evidence, from multiple sources, establishing defendant's identity as the person who engaged in sexually-related communications with an undercover police officer posing as a 14-year-old girl, and defendant's arguments to the contrary are unavailing. Defendant did not preserve his argument that the evidence was insufficient to meet the statutory requirement that he "importune[ ], invite[ ] or induce[ ]" a minor to, as pertinent here, engage in sexual acts with him (Penal Law § 235.22 [2]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits, and likewise reject defendant's weight of the evidence argument on this issue. Defendant expressly and repeatedly asked his intended victim to meet him for sexual contact, and the context clearly shows that defendant was not merely engaging in fantasy, but was trying to lure the victim into meeting with him for sexual activity (see People v Foley, 94 NY2d 668, 681 [2000], cert denied 531 US 875 [2000]). Defendant's contentions notwithstanding, beyond "importuning, inviting, or inducing," the statute does not require that the defendant have taken concrete steps to meet the minor. In any event, in Internet and phone communications, defendant repeatedly asked the intended victim about the possibility of arranging a meeting. Concur—Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ.