People v Marini (2018 NY Slip Op 06630)





People v Marini


2018 NY Slip Op 06630


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


2644/14 7243 7242

[*1]The People of the State of New York, Respondent,
v
Richard Marini, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lee M. Pollack of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered February 16, 2016, as amended April 4, 2017, convicting defendant, upon his plea of guilty, of grand larceny in the second degree, and sentencing him to a term of one to three years, with restitution in the amount of $648,693.24, unanimously affirmed.
Defendant did not preserve his claim that the statutory definition of larceny is unconstitutionally vague as applied to him (see People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find that the definition of larceny as a "wrongful" taking (Penal Law § 155.05[1]), which expressly includes "obtaining property by false pretenses" (Penal Law § 155.05[2][a]), provides fair notice to a person of ordinary intelligence that it encompasses the conduct with which defendant was charged and of which he was convicted. If a person is paid to provide licensed site safety managers to conduct inspections at construction sites, and this person instead uses unlicensed interns who sign the names of licensed inspectors, both dead and living, this is plainly a "wrongful taking" that at the very least involves obtaining property by false pretenses (People v Stuart, 100 NY2d 412 [2003]; People v Foley, 94 NY2d 668, 681 [2000], cert denied 531 US 875 [2000]). Moreover, the statute provides law enforcement officials with "clear standards for enforcement" (Stuart, 100 NY2d at 420).
Defendant made a valid and enforceable waiver of his right to appeal, which precludes review of his challenges to the restitution amount and the lack of a restitution hearing. These challenges are not addressed to the legality of the sentence, but to the adequacy of the procedures the court used to arrive at its sentencing determination, specifically, calculating the amount of restitution (People v Callahan, 80 NY2d 273, 281 [1992]). Defendant argues that when the court allegedly increased the restitution portion of his promised sentence (by approximately 6%), this impaired the voluntariness of the plea, so that the issue survives an appeal waiver. In any event, regardless of the applicability of the waiver to defendant's appellate claims, we find no basis for any relief.
Because defendant never moved to withdraw his plea, he failed to preserve his argument that he was entitled to plea withdrawal when the court, in amending the restitution order at a postsentence proceeding, purportedly enhanced his sentence (see (see e.g. People v Williams, 27 NY3d 212 [2016]; People v DeValle, 94 NY2d 870 [2000]; People v Lopez, 71 NY2d 662, 665-666 [1988]) and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. There was no increase to the restitution amount, and thus no enhanced sentence was imposed. Accordingly, defendant would not have been entitled to withdraw his plea even if he had requested to do so. Specifically, defendant agreed, at the plea proceeding, to the restitution amounts he owed. The itemized restitution amounts to be paid to eight victims were stated on page one of the restitution order. Defendant does not dispute that the arithmetic in [*2]the original order was incorrect, in that the eight individual restitution payments totaled $648,693.24, not $610,693.24 as stated in the original order. Thus, the court, in amending the order, did not enhance defendant's sentence, but merely corrected a clerical error to reflect the accurate tally of $648,693.24 (see People v Minaya, 54 NY2d 360, 364 [1981], cert denied 455 US 1024 [1982).
To the extent defendant argues that he was entitled to a restitution hearing before he was sentenced in order to determine whether there was support in the record for the eight individual restitution amounts, defendant, while represented by counsel, agreed to those amounts, and in signing the restitution order, expressly waived any right to a restitution hearing and to challenge those amounts, or to challenge that amount on appeal. Defendant acknowledged at the plea proceeding that he read and understood the order, and stated to the court that had no questions about it. To the extent he argues that the court should at least have granted his request for a hearing to challenge those eight amounts at the later restitution correction proceeding, that request was untimely (see People v Schonfeld, 68 AD3d 449, 450 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK