[835 NYS2d 241]

THE PEOPLE OF STATE OF NEW YORK, Appellant, v JAMES TAYLOR, Respondent.

Second Department, April 10, 2007

APPEARANCES OF COUNSEL

*Janet DiFiore, District Attorney*, White Plains (*Richard Long-worth Hecht, Anthony J. Servino* and *Valerie A. Livingston* of counsel), for appellant.

*Jeanne E. Mettler*, Bedford Hills, for respondent.

### OPINION OF THE COURT

SPOLZINO, J.

The defendant was convicted in 1976 of, among other things, kidnapping in the first degree (*see* Penal Law § 135.25 [1]). There was no sexual misconduct involved in his offense. The question presented on this appeal is whether the defendant is subject to the requirements of the Sex Offender Registration Act (*see* Correction Law § 168 *et seq.* [hereinafter SORA]) and, if so, whether those requirements may constitutionally be applied to him. The County Court found that SORA is applicable by its terms to the defendant, but that because the defendant's crime was not sexual in nature, the imposition of those strictures on him violated his constitutional right to due process of law. We agree that SORA applies, but hold that its application to the defendant was constitutionally permissible.

SORA defines the term "sex offender" to include a person who has been convicted of kidnapping in the first degree, "provided the victim of such kidnapping . . . is less than seventeen years old and the offender is not the parent of the victim" (Correction Law § 168-a [1], [2] [a] [i]). The kidnapping offense of which the defendant was convicted falls within these parameters. Thus, even though there was no sexual component to the defendant's crime, he is subject to the requirements of SORA.

The defendant's argument is that it is irrational, and therefore unconstitutional, to apply SORA to an offender who has committed no sexual crime. This argument, which has been addressed with varying results by several New York courts (*see*

*People v Cintron*, 13 Misc 3d 833 [Sup Ct, Bronx County 2006]; *People v Bell*, 3 Misc 3d 773 [Sup Ct, Bronx County 2003]; *People v Wing Dong Moi*, 8 Misc 3d 1012[A], 2005 NY Slip Op 51068(U) [Westchester County Ct 2003]), is predicated upon the Fourteenth Amendment of the United States Constitution and NY Constitution, article I, § 6, both of which entitle the defendant, in identical language, to be free from deprivations of life, liberty, or property without due process of law.

The People do not dispute that submission to the requirements of SORA, among which are the obligations to register with the State Division of Criminal Justice Services (hereinafter the Division) (*see* Correction Law § 168-f [1]), to notify the Division of any change in address (*see* Correction Law § 168-j), and to report regularly to local law enforcement officials with a current photograph (*see* Correction Law § 168-f [2]), effectuates a deprivation of liberty within the meaning of these constitutional provisions. Rather, the issue is whether the substantive due process aspect of this right, which includes the "right to be free from arbitrary, capricious, and irrational legislation" (*see Lewis v Brown*, 409 F3d 1271, 1272 [2005]), is violated here. For the reasons that follow, we conclude that it is not.

Compliance with the requirements of due process is evaluated under a two-tiered analysis. Where the deprivation of a fundamental right is at issue, the governmental action in question is subject to strict scrutiny, and will pass constitutional muster only if it is "narrowly tailored to serve a compelling state interest" (*Reno v Flores*, 507 US 292, 302 [1993]). Where no fundamental right is implicated, the requirements of due process are satisfied if there is a rational basis for the governmental action (*see Washington v Glucksberg*, 521 US 702, 722 [1997]; *Hernandez v Robles*, 7 NY3d 338, 363 [2006]; *Hope v Perales*, 83 NY2d 563, 577 [1994]). Here, the defendant does not argue that any fundamental right is implicated, a concession that is consistent with most of the decisions that have addressed the issue, including that of the County Court here (*see Doe v Moore*, 410 F3d 1337, 1343-1345 [2005], *cert denied* 546 US 1003 [2005]; *Gunderson v Hvass*, 339 F3d 639, 643 [2003], *cert denied* 540 US 1124 [2004]; *In re W.M.*, 851 A2d 431, 447-451 [DC 2004], *cert denied* 543 US 1062 [2005]; *People v Fuller*, 324 Ill App 3d 728, 731-732, 756 NE2d 255, 258 [2001]).

The protection of children from the dangers of sexual predators is indisputably a legitimate, indeed compelling, governmental purpose (*see People v Foley*, 94 NY2d 668, 682-683 [2000], *cert denied* 531 US 875 [2000]). The issue presented here, however, is somewhat narrower. The defendant's argument is that, in light of the facts of his particular crime, it was irrational to label him a sex offender and subject him to the requirements of SORA. The defendant is incorrect.

In evaluating such a claim, we start from the proposition that acts of the Legislature are presumed to be constitutional (*see Dalton v Pataki [Karr v Pataki]*, 5 NY3d 243, 255 [2005], *cert denied* 546 US 1032 [2005]) and, therefore, the defendant bears a heavy burden in attempting to establish that SORA is unconstitutional as applied to him and persons like him (*see People v Foley, supra* at 677; *People v Bright*, 71 NY2d 376, 382 [1988]). The standard is a demanding one. A legislative act does not violate the requirements of substantive due process if it "is reasonable in relation to its subject and adopted in the interests of the community" (*Treyball v Clark*, 65 NY2d 589, 590 [1985]; *see Matter of Colton v Riccobono*, 67 NY2d 571, 577 [1986]). "The rational basis standard is ' "a paradigm of judicial restraint" ' " (*Affronti v Crosson*, 95 NY2d 713, 719 [2001], *cert denied* 534 US 826 [2001], quoting *Port Jefferson Health Care Facility v Wing*, 94 NY2d 284, 290 [1999], *cert denied* 530 US 1276 [2000], quoting *FCC v Beach Communications, Inc.*, 508 US 307, 314 [1993]) and, in order to prevail where the standard is employed, a party must demonstrate that the facts upon which the governmental decision was conceivably based, " 'whether or not the basis has a foundation in the record' " (*see Affronti v Crosson, supra* at 719, quoting *Heller v Doe*, 509 US 312, 320-321 [1993]), " ' "could not reasonably be conceived to be true by the governmental decisionmaker" ' " (*Affronti v Crosson, supra* at 719, quoting *Minnesota v Clover Leaf Creamery Co.*, 449 US 456, 464 [1981]). Here, there is ample basis to conclude that the rational basis standard has been satisfied.

In enacting SORA, the Legislature found that the ability of local law enforcement agencies to respond to the danger to children of recidivism by sex offenders was impaired by the lack of information available to them with respect to those offenders (*see* L 1995, ch 192, § 1). The Legislature determined that the registration of such offenders would allow local law enforcement officials to resolve incidents involving sexual abuse and

exploitation promptly and to alert the community when necessary (*see* L 1995, ch 192, § 1). Although the legislative findings refer only to "sex offenders," without addressing the decision to include within that category offenders whose crime had no apparent sexual component, the statutory definitions make clear that the use of that term applies to such persons as well. Read in this light, these legislative findings apply equally to child abductors, including kidnappers.

The rational basis for the Legislature's conclusion in this regard is readily apparent. The crimes categorized as sex offenses under SORA that lack sexual contact or motivation as an element are unlawful imprisonment and kidnapping (*see* Correction Law § 168-a [2]). Each of these offenses involves either the restraint or abduction of the victim (*see* Penal Law §§ 135.05, 135.10, 135.20, 135.25). Since such conduct is a frequent precursor to a sex offense (*see People v Beard*, 366 Ill App 3d 197, 202, 851 NE2d 141, 146-147 [2006]; *People v Fuller*, 324 Ill App 3d 728, 756 NE2d 255 [2001]), the Legislature could reasonably have concluded that kidnappers should be required to register as well, if only because the absence of a sexual element from the kidnapping may be the merely fortuitous result of the interruption of the offender's plan. This alone establishes the rationality of the Legislature's determination.

The Legislature also found it significant to note in its findings, however, that the policies effectuated in SORA, "will bring the state into compliance with the federal crime control act [Pub L 103-322, tit XVII, subtit A, § 170101, 108 US Stat 2038]" (L 1995, ch 192, § 1). That federal law, later codified as 42 USC § 14071, is entitled the "Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program." It requires the Attorney General of the United States to establish guidelines, within the parameters set forth in the statute, for state registration programs (*see* 42 USC § 14071 [a]). It provides, among other things, that a state which fails to enact a compliant program may lose a portion of its federal aid (*see* 42 USC § 14071 [g] [2] [A]) and that states that enact compliant programs may participate fully in the national sex offender database program (*see* 42 USC § 14071 [b] [2] [B]). In order to comply with the federal standards, the state program must include among the persons required to register any person convicted of kidnapping anyone other than his or her own child (*see* 42 USC § 14071

[a] [3] [A] [i]). In light of this, the Legislature could rationally have determined that it would be in the public interest to establish a registration program in compliance with federal law and, on that basis, have also concluded rationally that requiring the registration of convicted kidnappers furthers the legitimate purposes of the statute, even in the absence of a sexual component to the kidnapping.

The defendant's real complaint is that the label that has been applied to him, as a sex offender, bringing with it the opprobrium that accompanies such an appellation and the requirement that he register under a statute known as the Sex Offender Registration Act, is unwarranted since his offense involved no sexual misconduct. Statutory titles, however, are of little significance in statutory construction. "The title of a statute may be resorted to . . . only in case of ambiguity in meaning, and it may not alter or limit the effect of unambiguous language in the body of the statute itself" (McKinney's Cons Laws of NY, Book 1, Statutes § 123). It is, rather, the statutory language that controls (*see People ex rel. Arcara v Cloud Books,* 65 NY2d 324, 329 [1985], *revd on other grounds* 478 US 697 [1986]; *Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth.,* 58 NY2d 89, 94 [1983]; *Squadrito v Griebsch,* 1 NY2d 471, 475 [1956]). The legislative body is free to use statutory terms as it sees fit, even in "an unexpected way" (*Lopez v Gonzales,* 549 US —, —, 127 S Ct 625, 630 [2006]) and the terms used in a statute must, consequently, be construed, in the first instance, in the manner specified by the statute (*see Matter of Gruber [New York City Dept. of Personnel—Sweeney],* 89 NY2d 225, 233 [1996]; *Wetmore v Story,* 3 Abb Prac 262 [1856]). Whether in common parlance the defendant is a sex offender, or his offense is a sex offense, is of no legal significance where, as here, the Legislature has rationally chosen to categorize him or his offense as such. We are not at liberty to depart from that determination (*see People v Robinson,* 95 NY2d 179, 183 [2000]). Accordingly, the order of the County Court is reversed, on the law, the defendant's motion to be excluded from the classification and registration requirements of Correction Law article 6-C on the ground that they are unconstitutional as applied to him is denied, and the matter is remitted to the County Court, Westchester County, for a new SORA risk level assessment hearing and a new determination thereafter.

MILLER, J.P., RITTER and DILLON, JJ., concur.

Ordered that the order is reversed, on the law, the defendant's motion to be excluded from the classification and registration requirements of Correction Law article 6-C on the ground that they are unconstitutional as applied to him is denied, and the matter is remitted to the County Court, Westchester County, for a new SORA risk level assessment hearing and a new determination thereafter.