■ The People of the State of New York, Respondent, v Eliezer Cintron, Appellant. [848 NYS2d 616]—

Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about August 4, 2006, which adjudicated defendant a level three sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

We agree with the motion court (13 Misc 3d 833 [2006]), as well as the Second Department (*People v Taylor*, 42 AD3d 13 [2007], *appeal dismissed* 9 NY3d 887 [2007]), that the provision requiring persons convicted of certain nonsexual abduction-related crimes to register as sex offenders is constitutional. Furthermore, the statute is constitutional as applied to this defendant (*see People v Cassano*, 34 AD3d 239 [2006], *lv denied* 8 NY3d 804 [2007]).

Defendant did not preserve his claim that he does not qualify as a sex offender because, on the effective date of the statute in 1996, he was not incarcerated or on parole or probation for an offense subject to registration. Even if we were to conclude that this claim presents a question of law that defendant may raise for the first time on this civil appeal (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209-210 [1996], *lv denied* 88 NY2d 811 [1996]), we would find that since defendant's unlawful imprisonment sentence merged with his longer concurrent sentence for first-degree drug possession (*see People v Ramirez*, 89 NY2d 444, 450 [1996]), he was still incarcerated for an offense covered by the Sex Offender Registration Act on its effective date.

The court properly exercised its discretion in declining to grant a downward departure from defendant's presumptive risk level. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ. [*See* 13 Misc 3d 833.]