■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT EDNEY, Appellant. [38 NYS3d 817]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Delligatti, J.), dated March 28, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 1974, the defendant was convicted, upon a jury verdict, of manslaughter in the first degree, kidnapping in the first degree, and kidnapping in the second degree in connection with the killing of an eight-year-old child (*see People v Edney*, 47 AD2d 906 [1975], *affd* 39 NY2d 620 [1976]). Upon his release on parole in 2011, he was required to register as a sex offender, since he was convicted of kidnapping a child who was not his own, even though there was no evidence that his crime involved a sexual act or had a sexual motive (*see* Correction Law § 168-a [2]; *People v Knox*, 12 NY3d 60, 64 [2009]; *People v Cintron*, 46 AD3d 353, 354 [2007], *affd* 12 NY3d 60 [2009]; *People v Taylor*, 42 AD3d 13, 14 [2007]). Contrary to the defendant's contention, the application of Correction Law article 6-C to him was proper (*see People v Knox*, 12 NY3d at 64; *People v Cintron*, 46 AD3d at 354; *People v Taylor*, 42 AD3d at 14).

The record established, by clear and convincing evidence, the defendant's failure to accept responsibility (*see People v Jamison*, 137 AD3d 1742, 1743 [2016]). The Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level made on the basis of his age (*see People v Vegh*, 134 AD3d 1084 [2015]; *People v Torres*, 124 AD3d 744, 746 [2015]).

The defendant's remaining contentions are without merit or not properly before this Court.

Accordingly, the Supreme Court properly designated the defendant a level three sex offender. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.