People v DeCapua (2020 NY Slip Op 00722)





People v Decapua


2020 NY Slip Op 00722


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND BANNISTER, JJ.


119 KA 18-00869

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON DECAPUA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, A.J.), entered January 31, 2018. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Contrary to defendant's contention, Supreme Court did not abuse its discretion in granting the People's request for an upward departure from his presumptive classification as a level two risk. " It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence . . . , the existence of an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines' " (People v Hackrott, 170 AD3d 1646, 1647 [4th Dept 2019], lv denied 33 NY3d 908 [2019]). Here, the court made its determination based on "[s]tatements in a presentence report and case summary[, which] constitute reliable hearsay' upon which a court may properly rely in making an upward departure" (People v Tidd, 128 AD3d 1537, 1537 [4th Dept 2015], lv denied 25 NY3d 913 [2015]). We conclude that the court's determination to grant an upward departure was based on clear and convincing evidence of aggravating factors not adequately accounted for by the risk assessment guidelines, including evidence of defendant's history of sexually aggressive behavior and his diagnosis of, inter alia, impulse control disorder, which together increased his risk of recidivism (see generally People v Tatner, 149 AD3d 1595, 1595-1596 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; People v Kettles, 39 AD3d 1270, 1271
[4th Dept 2007], lv denied 9 NY3d 803 [2007]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court