People v Douglas (2020 NY Slip Op 07604)





People v Douglas


2020 NY Slip Op 07604


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-10315

[*1]People of State of New York, respondent,
v
Kareem Douglas, appellant. Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated August 13, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2003, the defendant was convicted, upon a plea of guilty, of, inter alia, kidnapping in the second degree and unlawful imprisonment in the first degree in connection with an armed robbery/burglary of a home. During the home invasion, a father, mother, and 14-year-old boy were tied up, the mother was sexually assaulted by a codefendant in the defendant's presence, and a gun was discharged, with the bullet narrowly missing a 3-year-old child. At one point, the defendant held a gun to the father's head while items were stolen. The defendant was sentenced to a term of imprisonment of 8½ to 10 years followed by a period of postrelease supervision of 5 years. Upon his release, the defendant was required to register as a sex offender due to his conviction of kidnapping and unlawful imprisonment of children less than 17 years old where he was not their parent, even though he did not commit a sexual act. The Board of Examiners of Sex Offenders assessed the defendant a total of 195 points, which would make him a presumptive level three sex offender.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art

6-C [hereinafter SORA]), the People requested that the defendant be designated a level three sex offender. The defendant disputed the assessment of points under risk factors 2 and 13, and sought a downward departure based on the mitigating factor that he did not have sexual contact with the female victim. By order dated August 13, 2018, the County Court denied the defendant's request for a downward departure and designated the defendant a level three sex offender. The defendant appeals.
The defendant's claim that his risk level designation should be vacated because the Judge who presided over the SORA hearing was not the same Judge who accepted his plea of guilty and sentenced him, was not raised at any time before the SORA court and is unpreserved for appellate review (see e.g. People v Worrell, 183 AD3d 602; People v Dipilato, 155 AD3d 792).
The defendant's contention that the Sex Offender Registration Act is unconstitutional as applied to him is unpreserved for appellate review (see People v Howard, 27 NY3d 337, 342), [*2]and, in any event, is without merit (see People v Knox, 12 NY3d 60; People v Suarez, 147 AD3d 802; People v Edney, 143 AD3d 793; People v Taylor, 42 AD3d 13).
Moreover, contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in denying his request for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, while the defendant identified an appropriate mitigating factor, under the totality of the circumstances, including the violent nature of the home invasion, the level three designation best assesses the risk of reoffense by the defendant and the threat posed to the public safety (see People v Gillotti, 23 NY3d 841, 861; People v Marquez, 165 AD3d 986, 987; People v Gordon, 133 AD3d 835, 837; Correction Law § 168-l[5]).
The defendant's remaining contention is without merit.
Accordingly, we agree with the County Court's determination designating the defendant a level three sex offender.
MASTRO, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court