People v Rolon (2022 NY Slip Op 06148)

People v Rolon

2022 NY Slip Op 06148

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2016-08750

[*1]The People of the State of New York, respondent,
v
Edwin Rolon, appellant. 

Twyla Carter, New York, NY (Paul Wiener of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kellyann Ryan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated August 3, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to establish that his response to sex offender treatment and efforts at rehabilitation were of such a degree as to constitute a legitimate mitigating factor (see People v Hawthorne, 158 AD3d 651, 654; People v Santiago, 137 AD3d 762, 764). Further, contrary to the defendant's contention, the fact that he received a low-risk score on an alternate risk assessment instrument was insufficient to warrant a downward departure (see People v Curry, 158 AD3d 52, 61).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court