People v Zellefrow (2024 NY Slip Op 03605)

People v Zellefrow

2024 NY Slip Op 03605

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

274 KA 22-01948

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES ZELLEFROW, DEFENDANT-APPELLANT.

NATHANIEL L. BARONE, II, PUBLIC DEFENDER, MAYVILLE (HEATHER BURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (MICHAEL J. PISKO OF COUNSEL), FOR RESPONDENT.

Appeal from an order of the Chautauqua County Court (David W. Foley, J.), entered November 23, 2022. The order, insofar as appealed from, designated defendant a sexually violent offender pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs and the designation of defendant as a sexually violent offender is vacated.
Memorandum: Defendant appeals from an order insofar as it designated him a sexually violent offender under the Sex Offender Registration Act (Correction Law § 168 et seq.). The designation is based on a felony conviction entered against defendant in the Commonwealth of Pennsylvania for which he was required to register as a sex offender in that state. There is no dispute that the crime of which defendant was convicted, sexual assault in violation of 18 Pa Cons Stat § 3124.1, does not include all of the essential elements of a sexually violent offense in New York enumerated in Correction Law
§ 168-a (3) (a), and therefore is not a sexually violent offense under the first disjunctive clause of Correction Law § 168-a (3) (b). Instead, after defendant moved to New York approximately 20 years after the sexual assault conviction was entered and the Board of Examiners of Sex Offenders determined that he was required to register as a sex offender in New York (see Correction Law § 168-k [2]), the People contended that County Court should designate him a sexually violent offender under the second disjunctive clause of Correction Law § 168-a (3) (b). That clause defines a sexually violent offense as including a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred." The court designated defendant a sexually violent offender under the foreign registration clause.
For the same reasons set forth in our memorandum in People v Malloy (— AD3d &mdash, &mdash, 2024 NY Slip Op 03264, *2 [4th Dept 2024]), we agree with defendant that the foreign registration clause of Correction Law § 168-a (3) (b) is unconstitutional, as applied to him, under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. Like his counterpart in Malloy, defendant was charged with a sexually violent offense in another state but ultimately convicted of a lesser offense that is not the equivalent of a sexually violent offense in New York, and neither the Board nor the People requested that points be assessed for use of violence on the risk assessment instrument. The only difference between the two cases is that the jury found defendant guilty of the lesser offense while the defendant in Malloy pleaded guilty to the lesser offense. In our view, that distinction is immaterial inasmuch as the designations under the foreign registration clause of Correction Law § 168-a (3) (b) are based on the out-of-state crime of conviction, not the unproven underlying allegations. Of course, if defendant had committed his offense in New York, he would not be designated a sexually violent offender, and the result should not change simply because he committed the offense in a neighboring state.
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Lindley and Nowak, JJ., concur; Ogden, J., concurs in the result in the following memorandum: I concur in the result reached by the plurality but, for the reasons stated in my concurring memorandum in People v Malloy (— AD3d &mdash, &mdash, 2024 NY Slip Op 03264, *2 [4th Dept 2024] [Ogden, J., concurring]), I disagree with the plurality's reasoning in this case.
Whalen, P.J., and DelConte, J., dissent and vote to affirm in the following memorandum: We respectfully dissent. In our view, defendant failed to meet his heavy burden of proving beyond a reasonable doubt that the foreign registration clause in Correction Law § 168-a (3) (b), that is, the definition of a sexually violent offense as including a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred," is either facially unconstitutional or unconstitutional as applied to him (see People v Viviani, 36 NY3d 564, 576 [2021]; People v Foley, 94 NY2d 668, 677 [2000], cert denied 531 US 875 [2000]; People v Taylor, 42 AD3d 13, 16 [2d Dept 2007], lv dismissed 9 NY3d 887 [2007]). We would therefore affirm the order determining that defendant is a level two risk and designating him a sexually violent offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.).
Here, inasmuch as defendant presents both a facial and an as-applied challenge, our first task is to decide whether the challenged statute is unconstitutional as applied to defendant (see generally People v Stuart, 100 NY2d 412, 422 [2003]). "As the term implies, an as-applied challenge calls on the court to consider whether a statute can be constitutionally applied to the defendant under the facts of the case" (id. at 421 [emphasis added]). To that end, as we noted in our dissent in People v Malloy (— AD3d &mdash, &mdash, 2024 NY Slip Op 03264, *2 [4th Dept 2024] [Whalen, P.J., and DelConte, J., dissenting]), under relevant Court of Appeals precedent, a statute requiring a defendant to register as a sex offender based on a conviction for a specified offense is not constitutionally invalid simply because that statute may encompass defendants whose criminal conduct was not sexual in nature "as that term is commonly understood" (People v Knox, 12 NY3d 60, 65 [2009], cert denied 558 US 1011 [2009]; see People v Brown, 41 NY3d 279, 289 [2023]). Indeed, the Court acknowledged in People v Brown that "the Legislature may cast a wide net by 'employ[ing] overinclusive terms' to include within SORA's reach those who commit a non-sexual crime but nonetheless present a future risk of sexual harm" (Brown, 41 NY3d at 289; see Knox, 12 NY3d at 69). Nonetheless, the Brown Court specifically recognized the existence of a judicial remedy for constitutional harm caused by the application of an overbroad SORA designation statute where there is an affirmative showing in the record that the defendant, although technically falling within the statutory definition of "sex offender," is nonetheless one "for whom the sex offender designation 'is unmerited' " (Brown, 41 NY3d at 289, quoting Knox, 12 NY3d at 69). We see no reason to depart from the logic of Brown in the present case.
Contrary to the conclusion of the plurality, defendant did not meet his burden of establishing that his designation as a sexually violent offender was unmerited and that the People's reliance on the foreign registration clause in Correction Law § 168-a (3) (b) was therefore unconstitutional as applied to him. Initially, we note that defendant did not argue before the SORA court, as the plurality implies that he did, that his predicate Pennsylvania conviction did not include the essential elements of an enumerated sexually violent offense in New York (see Correction Law § 168-a [3] [a]). Although defendant did successfully oppose the People's request to assess points under risk factor 1, that argument was not raised in support of his contention that a sexually violent offender designation was unconstitutional as applied to him. In any event, this single factor, entitled "Use of Violence," is limited to the assessment of points for the use of forcible compulsion, infliction of physical injury, or presence of a dangerous instrument in the underlying crime. New York law, however, defines a wider range of conduct as "sexually violent," including conduct that does not involve physical violence or the use of a weapon (see e.g. Penal Law § 130.35 [2], [3], [4]; § 130.50 [2], [3], [4]; § 130.80; see generally Correction Law § 168-a [3] [a]). Defendant instead presented to the SORA court, without distinguishing between a facial and an as-applied constitutional challenge, the same generalized argument that was presented by the defendant in Malloy, specifically, that "[t]here is no logical rationale in defining all registerable out-of-state sex offenses as 'violent.' " Defendant repeats his generalized argument on appeal without further explication. Defendant's failure to make a factual argument that his foreign conviction involved no conduct defined as sexually violent [*2]under New York law or that his "conduct provides no basis to predict risk of future sexual[ly violent] harm" alone warrants rejection of his as-applied challenge (Brown, 41 NY3d at 290; see generally Stuart, 100 NY2d at 421).
Further, inasmuch as we previously concluded that the as-applied challenge to the foreign registration clause in Correction Law § 168-a (3) (b) raised by the defendant in Malloy lacks merit (see Malloy, — AD3d at &mdash, 2024 NY Slip Op 03264, *2-3 [Whalen, P.J., and DelConte, J., dissenting]), "the facial validity of the statute is confirmed" (Stuart, 100 NY2d at 422). Finally, we conclude that defendant's remaining constitutional challenge based on the Privileges and Immunities Clause lacks merit and, as such, we would affirm.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court