People v Brightman (2024 NY Slip Op 04654)

People v Brightman

2024 NY Slip Op 04654

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

383 KA 22-01944

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RYAN BRIGHTMAN, DEFENDANT-APPELLANT. 

NATHANIEL L. BARONE, II, PUBLIC DEFENDER, MAYVILLE (HEATHER BURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (MICHAEL J. PISKO OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Chautauqua County Court (David W. Foley, J.), entered November 18, 2022. The order, insofar as appealed from, designated defendant a sexually violent offender. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs and the designation of defendant as a sexually violent offender is vacated.
Memorandum: In this proceeding pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant, who relocated to New York having been previously convicted of a sex offense in Ohio, appeals from an order insofar as it designated him a sexually violent offender. Defendant contends, in pertinent part, that imposition of the sexually violent offender designation pursuant to the second disjunctive clause of Correction Law § 168-a (3) (b), as applied to him, violates his constitutional right to substantive due process. We agree.
Defendant was convicted in Ohio, upon his plea of guilty, of the felony offense of importuning (Ohio Rev Code Ann § 2907.07 [B]; [former (F) (3)]). The underlying conviction arose from defendant's conduct of soliciting via a telecommunications device another individual who was 13 years of age or older but less than 16 years of age to engage in sexual conduct with him when he was 23 years old (see § 2907.07 [B]; [former (F) (3)]). Defendant was sentenced to, inter alia, a local jail term and a period of postrelease supervision, and he was required to register as a sex offender in Ohio.
Defendant moved to New York several years later and, upon receiving notification thereof, the Board of Examiners of Sex Offenders (Board) determined that defendant was required to register as a sex offender in New York (see Correction Law § 168-k [2]). Based on its review of defendant's records, including information relating to his Ohio conviction, the Board submitted to County Court a risk assessment instrument (RAI), case summary, and sex offender designation form. The Board assessed 25 points on the RAI, which rendered defendant a presumptive level one risk, and the Board did not recommend an upward departure from that risk level. The Board also did not recommend that defendant be designated a sexually violent offender under section 168-a (3) (b).
The People subsequently notified defendant and the court that they disagreed with the Board's recommendation that defendant not receive a designation as a sexually violent offender. The People contended in particular that defendant should be designated a sexually violent offender pursuant to the second disjunctive clause of Correction Law § 168-a (3) (b), which defines a "sexually violent offense" as a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred." Inasmuch as defendant was convicted of a felony in Ohio that required registration as a sex offender in that jurisdiction (see Ohio Rev Code Ann §§ 2950.01 [A] [1]; [*2]2950.04 [A] [1] [a]), the People asserted that defendant should be designated a sexually violent offender in New York.
Defendant thereafter filed a motion challenging the constitutionality of Correction Law § 168-a (3) (b) on certain grounds, including that the provision violates principles of substantive due process—both facially and as applied to him—under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution (US Const, 14th Amend, § 1). Defendant contended, in relevant part, that the second disjunctive clause of section 168-a (3) (b)—defining a sexually violent offense to include any conviction of an out-of-state felony for which sex offender registration is required in the state of conviction—is not rationally related to any legitimate governmental purpose and indeed "misleads the public, and places an unwarranted lifetime stigma on those persons whose underlying offenses are not of a violent nature." The People asserted in response that applying the sexually violent offender designation to any out-of-state offender with a registrable felony conviction is rationally related to the legitimate state interest of "protecting vulnerable populations (including the public at large) from potential harm by sex offenders." During the subsequent SORA hearing, the court held that it would adhere to its ruling in an earlier case that the challenges to the constitutionality of Correction Law § 168-a (3) (b) were without merit. Defendant now contends on appeal that the court erred in designating him a sexually violent offender because the second disjunctive clause of Correction Law § 168-a (3) (b), as applied to a "non-violent registrant[ ]" such as him, violates his substantive due process rights by impinging on his liberty interest to be free of an improper sex offender designation.
Defendant has "a 'constitutionally-protected liberty interest' for purposes of substantive due process 'in not being required to register under an incorrect label' " (People v Brown, 41 NY3d 279, 285 [2023], quoting People v Knox, 12 NY3d 60, 66 [2009], cert denied 558 US 1011 [2009]; see People v David W., 95 NY2d 130, 137 [2000]). Nonetheless, inasmuch as that interest is "not fundamental in the constitutional sense," defendant's substantive due process challenge to his designation as a sexually violent offender pursuant to the second disjunctive clause of Correction Law § 168-a (3) (b) is "subject to deferential rational basis review" (Brown, 41 NY3d at 285; see Knox, 12 NY3d at 67). "The rational basis test is not a demanding one" (Knox, 12 NY3d at 69; see Myers v Schneiderman, 30 NY3d 1, 15 [2017], rearg denied 30 NY3d 1009 [2017]); "rather, it is 'the most relaxed and tolerant form of judicial scrutiny' " (Myers, 30 NY3d at 15, quoting Dallas v Stanglin, 490 US 19, 26 [1989]). That test "involves a 'strong presumption' that the challenged legislation is valid, and 'a party contending otherwise bears the heavy burden of showing that a statute is so unrelated to the achievement of any combination of legitimate purposes as to be irrational' " (id., quoting Knox, 12 NY3d at 69). Ultimately, "[a] challenged statute will survive rational basis review so long as it is 'rationally related to any conceivable legitimate State purpose' . . . [and] 'courts may even hypothesize the Legislature's motivation or possible legitimate purpose' " (id.; see Brown, 41 NY3d at 285). "[A]n as-applied challenge calls on the court to consider whether a statute can be constitutionally applied to the defendant under the facts of the case" (People v Stuart, 100 NY2d 412, 421 [2003]).
Here, we conclude that defendant met his burden of showing that there is no rational basis to designate him a sexually violent offender under the second disjunctive clause of Correction Law § 168-a (3) (b), i.e., solely on the basis that he has an out-of-state felony conviction that required registration as a sex offender in that jurisdiction. The record establishes that the underlying out-of-state felony offense of importuning, which arose from defendant's conduct of soliciting via a telecommunication device another individual who was 13 years of age or older but less than 16 years of age to engage in sexual conduct with him when he was 23 years old (Ohio Rev Code Ann
§ 2907.07 [B]; [former (F) (3)]), was nonviolent in nature. Indeed, the offense of importuning under Ohio law appears comparable to the New York felony of disseminating indecent material to minors in the first degree, which relevantly prohibits a person from describing or depicting sexual conduct in words or images via a computer communication system in order to importune, invite, or induce a minor to engage in sexual conduct with that person (see Penal Law § 235.22 [2]). SORA classifies a violation of Penal Law § 235.22 as a "sex offense" rather than a "sexually violent offense" (Correction Law
§ 168-a [2] [a] [ii]; [3]). Additionally, the Board and the People each declined to request that points be assessed on the RAI under risk factor 1 for use of violence, the court did not assess any points under that risk factor, and neither the case summary nor the other submissions in the [*3]record contain any allegation that defendant's conduct involved violence. Consequently, even assuming that both the elements of the crime of conviction and defendant's underlying conduct are relevant to the inquiry (compare People v Malloy, 228 AD3d 1284, 1291 [4th Dept 2024 plurality], with id. at 1296-1298 [Whalen, P.J., and DelConte, J., dissenting]), we conclude that defendant established that he is an "individual[ ] . . . for whom the [sexually violent] offender designation 'is unmerited' " (Brown, 41 NY3d at 289, quoting Knox, 12 NY3d at 69) because the out-of-state conviction was "not sexual[ly violent] in nature and his conduct provides no basis to predict risk of future sexual[ly violent] harm" (id. at 290).
We further agree with defendant that, contrary to the People's assertions, labeling defendant as a sexually violent offender is not rationally related to any legitimate governmental interest. Although, as the People contend, the government has a legitimate interest in protecting vulnerable populations, and in some instances the public at large, from the potential harm posed by sex offenders (see L 1995, ch 192, § 1; People v Alemany, 13 NY3d 424, 430 [2009]; People v Mingo, 12 NY3d 563, 574 [2009]), that generalized purpose, which is not focused on the particular distinction in designation between sex offenders and sexually violent offenders at issue here, "is already served by requiring defendant to register in New York as a sex offender" (Malloy, 228 AD3d at 1288). "[T]he animating notification purpose of SORA presupposes that the information available to the public as a consequence of a SORA registration is accurate" (id. at 1289). Where, as here, a nonviolent sex offender is designated a sexually violent offender merely because of an out-of-state conviction that required out-of-state registration, "the public is not accurately informed of the true risk posed by the offender" (id.). For the reasons set forth in the plurality memorandum in Malloy, we also reject the People's contention that applying the sexually violent offender designation to defendant—as an offender with an out-of-state felony conviction for which sex offender registration is required in the state of conviction—is rationally justified by administrative concerns in obtaining complete information from other jurisdictions (see id.).
In sum, we conclude that, as applied to him, the designation of defendant as a sexually violent offender pursuant to the second disjunctive clause of Correction Law § 168-a (3) (b) "unconstitutionally impacts defendant's liberty interest in a criminal designation that rationally fits his conduct and public safety risk" (Brown, 41 NY3d at 290). We therefore reverse the order insofar as appealed from and vacate the sexually violent offender designation. We have considered defendant's remaining constitutional challenges to the designation and conclude that they are without merit.
All concur except DelConte, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent. In my view, defendant failed to meet his heavy burden of proving beyond a reasonable doubt that the foreign registration clause in Correction Law § 168-a (3) (b), that is, the definition of a sexually violent offense as including a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred," is either facially unconstitutional or unconstitutional as applied to him (see People v Viviani, 36 NY3d 564, 576 [2021]; People v Foley, 94 NY2d 668, 677 [2000], cert denied 531 US 875 [2000]; People v Taylor, 42 AD3d 13, 16 [2d Dept 2007], lv dismissed 9 NY3d 887 [2007]). I would therefore affirm the order determining that defendant is a level one risk and designating him a sexually violent offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.).
Inasmuch as defendant presents both a facial and an as-applied challenge, the first task here is to decide whether the challenged statute is unconstitutional as applied to defendant (see generally People v Stuart, 100 NY2d 412, 422 [2003]). "As the term implies, an as-applied challenge calls on the court to consider whether a statute can be constitutionally applied to the defendant under the facts of the case" (id. at 421 [emphasis added]). To that end, as noted in the dissent in People v Malloy (228 AD3d 1284, 1295 [4th Dept 2024] [Whalen, P.J., and DelConte, J., dissenting]), under relevant Court of Appeals precedent, a statute requiring a defendant to register as a sex offender based on a conviction for a specified offense is not constitutionally invalid simply because that statute may encompass defendants whose criminal conduct was not sexual in nature "as that term is commonly understood" (People v Knox, 12 NY3d 60, 65 [2009], cert denied 558 US 1011 [2009]; see People v Brown, 41 NY3d 279, 289 [2023]). Indeed, the Court acknowledged in People v Brown that "the Legislature may cast a wide net by 'employ[ing] overinclusive terms' to include within SORA's reach those who commit a [*4]non-sexual crime but nonetheless present a future risk of sexual harm" (Brown, 41 NY3d at 289; see Knox, 12 NY3d at 69). Nonetheless, the Brown Court specifically recognized the existence of a judicial remedy for constitutional harm caused by the application of an overbroad SORA designation statute where there is an affirmative showing in the record that the defendant, although technically falling within the statutory definition of "sex offender," is nonetheless one "for whom the sex offender designation 'is unmerited' " (Brown, 41 NY3d at 289, quoting Knox, 12 NY3d at 69). I see no reason to depart from the logic of Brown in the present case.
Contrary to the conclusion of the majority, I do not believe that defendant met his burden of establishing that his designation as a sexually violent offender was unmerited and that the People's reliance on the foreign registration clause in Correction Law § 168-a (3) (b) was therefore unconstitutional as applied to him. Specifically, defendant did not argue before the SORA court that his predicate Ohio conviction did not include the essential elements of an enumerated sexually violent offense in New York (see Correction Law § 168-a [3] [a]). Instead, defendant presented to the SORA court, without distinguishing between a facial and an as-applied constitutional challenge, the same generalized argument that was presented by the defendant in Malloy, namely, that "[t]here is no logical rationale in defining all registerable out-of-state sex offenses as 'violent.' " Defendant repeats his generalized argument on appeal without further explication. Defendant's failure to make a factual argument that his foreign conviction involved no conduct defined as sexually violent under New York law or that his "conduct provides no basis to predict risk of future sexual[ly violent] harm" requires the rejection of his as-applied challenge (Brown, 41 NY3d at 290; see generally Stuart, 100 NY2d at 421).
Further, inasmuch as I previously concluded that the as-applied challenge to the foreign registration clause in Correction Law § 168-a (3) (b) raised by the defendant in Malloy lacks merit (see Malloy, 228 AD3d at 1296-1299 [Whalen, P.J., and DelConte, J., dissenting]), "the facial validity of the statute is confirmed" (Stuart, 100 NY2d at 422). Finally, I conclude that defendant's remaining constitutional challenge based on the Privileges and Immunities Clause lacks merit and, as such, I would affirm.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court