People v Macedonio (2026 NY Slip Op 00162)

People v Macedonio

2026 NY Slip Op 00162

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2023-05999
2023-06002

[*1]The People of the State of New York, respondent,
vCarl A. Macedonio, appellant. Stacy E. Albin-Leone, Long Beach, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Thomas Costello of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two orders of the County Court, Suffolk County (Karen M. Wilutis, J.), both dated February 8, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the orders are affirmed, without costs or disbursements.
The defendant was convicted under Indictment No. 402/71, inter alia, of rape in the first degree, and under Indictment No. 1237/71, among other things, of rape in the first degree and murder in the second degree. At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C) with respect to each judgment of conviction, the defendant sought a downward departure from his presumptive risk designation. The County Court denied the downward departure application and in two orders, both dated February 8, 2023, designated the defendant a level three sex offender. The defendant appeals.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant's acceptance of responsibility and demonstration of remorse, as well as his disciplinary record in prison, are already taken into account by risk factors 12 and 13, respectively, and, thus, do not properly serve as mitigating factors (see People v Musarra, 240 AD3d 624, 625; People v Watts, 225 AD3d 638, 639). Similarly, the defendant's score on an alternate risk assessment instrument does not, by itself, constitute a mitigating factor justifying a downward departure from the presumptive risk level (see People v Bell, 237 AD3d 863, 864-865; People v [*2]Rolon, 210 AD3d 708, 709).
While "[r]ehabilitation on the basis of the totality of the record is a mitigating factor that is not taken into account by the Guidelines" (People v Madison, 98 AD3d 573, 574), the defendant did not prove by a preponderance of the evidence the facts in support of this alleged mitigating factor (see People v Abdullah, 210 AD3d 704, 706; People v Haims, 203 AD3d 1184, 1186).
Finally, although the defendant submitted sufficient proof that his physical condition, due to his advanced age and debilitating illnesses, constituted a mitigating factor (see Guidelines at 5; People v Davis, 179 AD3d 183, 189), under the totality of the circumstances, including the extreme violence of the defendant's crimes, which involved the murder of one of his victims, the level three designation best assesses the risk of reoffense by the defendant and the threat posed to the public should he reoffend (see People v Abdullah, 210 AD3d at 706; People v Douglas, 189 AD3d 1276, 1278).
Accordingly, we affirm the orders designating the defendant a level three sex offender.
DILLON, J.P., IANNACCI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court