People v Davies (2026 NY Slip Op 00739)

People v Davies

2026 NY Slip Op 00739

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

971 KA 25-00731

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vJACK DAVIES, DEFENDANT-APPELLANT. 

MARK J. BYRNE, BUFFALO, FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Betty Calvo-Torres, A.J.), dated March 26, 2025. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.).
We conclude that Supreme Court did not abuse its discretion in granting the People's request for an upward departure (see generally People v DeCapua, 179 AD3d 1460, 1461 [4th Dept 2020], lv denied 35 NY3d 906 [2020]). It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]; People v Gillotti, 23 NY3d 841, 861-862 [2014]), the existence of "an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see People v Morin, 232 AD3d 1241, 1241 [4th Dept 2024], lv denied 43 NY3d 903 [2025]; People v Vaillancourt, 112 AD3d 1375, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]). Here, the People met their burden of establishing by clear and convincing evidence the existence of aggravating factors not adequately accounted for in the risk assessment instrument, including defendant's pattern of procuring sexually explicit images from children by threats and extortion. Although defendant's out-of-state conviction was for sexually offending against only one victim, a 12-year-old boy, the court properly considered the case summary, which detailed multiple uncharged, predatory online actions against other children (see People v Mingo, 12 NY3d 563, 572-573 [2009]; People v Craig, 45 AD3d 1365, 1365-1366 [4th Dept 2007], lv denied 10 NY3d 702 [2008]; People v Lewis, 45 AD3d 1381, 1381 [4th Dept 2007], lv denied 10 NY3d 703 [2008]).
We further reject defendant's contention that an upward departure was precluded by the fact that he received a low-risk score on an alternate risk assessment instrument, the Stable-2007, which conflicted with the high-risk assessment from the Static-99 (see People v Pagan, 240 AD3d 1447, 1448-1449 [4th Dept 2025]; People v Rolon, 210 AD3d 708, 708-709 [2d Dept 2022], lv denied 39 NY3d 907 [2023]; People v Curry, 158 AD3d 52, 60 [2d Dept 2107], lv denied 31 NY3d 905 [2018]).
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court